This is a suit brought under the provisions of the Louisiana Unemployment Compensation Law. The original act providing for such compensation was passed in 1936 being Act No. 97 of that year. There have been several amendments since then and in 1944 most of the sections of the original act were reenacted by Act No. 160 of that year. There were amendments enacted again in 1946 but this case is governed by the provisions of the Act of 1944.
The plaintiff was formerly employed by Consolidated-Vultee Aircraft Corp., in New Orleans and on March 10, 1945, his employment with that company was terminated through no fault of his own.
In his petition herein he alleges that on March 12, 1945 he made application for unemployment compensation through the New Orleans office of the Unemployment Compensation Division and was instructed to report at that office each week on Monday, until he was employed; that he would be given a form to present to the United States Employment Service where he would be furnished with a reference card to some prospective employer in his line of work.
Plaintiff alleges that he faithfully complied with all the rules and regulations of the Division of Employment Security and endeavored in every way to find employment but nevertheless suffered eight weeks of unemployment and was denied compensation for seven of these weeks. At $18 per week this would amount to $126 and accordingly he prays for judgment in that sum against the defendant.
Plaintiff seems to have properly observed the law in presenting his claim before the Division of Employment Security. He had been given several references for employment. On March 12, 1945 he was offered referrals to Delta Shipbuilding Co., Inc., and the Continental Can Company; on March 22, 1945, another to Delta Shipbuilding Co., Inc., and on March 26, 1945, one to the Texas Pacific and Missouri-Pacific Terminal. For reasons which he gave he did not accept any of these jobs and at the first hearing of his case, which was before the examiner, he was penalized for having refused to accept all three. He appealed to the Appeals Referee and after hearing, the decision of the examiner was upheld and the penalties sustained. He then took an appeal, all as provided for in the statute, to the Board of Review. This board after hearing his case ruled that two of the penalties had been incorrectly imposed but sustained the ruling with regard to his refusal to have accepted or investigated the referral of March 22, 1945, to the Delta Shipbuilding Co., Inc. The effect of that ruling of course was to deny him the unemployment compensation he claimed in the amount of $126 and from that ruling he presented his petition to the 19th Judicial District Court for the Parish of East Baton Rouge as also provided for under *Page 90 
the statute and asked that court for a review of the decision of the Board of Review.
In answer to the plaintiff's petition the Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, appeared through his counsel. The administrator denied that the Division was indebted to the plaintiff in any amount whatever. He outlined all of the proceedings that had taken place and urged that he was ineligible for compensation throughout the whole period he complains of but that the Board of Review had removed two of the disqualifications that had been made against him by the Appeals Referee and permitted the other to remain and that is the only matter with which the proceeding before the court was concerned.
With regard to this disqualification it is alleged in the answer of the Administrator that in accordance with the documentary evidence obtained, the job which plaintiff had been offered and which he refused to accept was that of a junior clerk with pay at the rate of 61¢ per hour and up. Plaintiff had based his refusal to even investigate or discuss this job with the prospective employer because, as he contended, he had been informed that the job also required typing and he was not a typist. In its answer defendant denied that the job involved typing and therefore plaintiff had disqualified himself in not having even investigated the work that was required to be done under that offer.
The defendant attached to and made part of his answer the complete transcript of the proceedings had up to then and asked that the ruling of the Board of Review be upheld and that the claim of the plaintiff be disallowed. The trial judge was not satisfied with the evidence he found in the transcript on the question of the referral for a job on which plaintiff had been penalized and, as he had the right to do under the statute, ordered additional evidence to be taken before the Board of Review on that point. His order was complied with and upon considering that evidence as well as all the other evidence in the record he rendered judgment in favor of the defendant upholding the ruling of the Board of Review. He accordingly rejected the plaintiff's demand and dismissed his suit. As he had a right to, under the statute, plaintiff took an appeal to this court.
[1] By the terms of the statute itself, the court cannot hear testimony in a suit brought under its provisions and the only authority it has on that question, if it is not satisfied with the evidence that has been made up for the record, is to remand the case to the Board of Review for the purpose of taking additional evidence. This is what the district judge did in this case as has already been stated.
[2] Under Sec. 5, Par.(d) (7), of the statute we find the provisions dealing with judicial review and it is therein stated, that "in any proceeding under this subsection the findings of the Board of Review as to the facts, if supportedby evidence and in the absence of fraud, shall be conclusive,
and the jurisdiction of said court shall be confined to questions of Law." (Italics ours.) There is no suggestion of fraud in the present case and the court therefore is only concerned with the question whether or not the finding of fact of the Board of Review is supported by evidence, which we take to mean legal, competent and sufficient proof. An appellate court has to take into further consideration the weight which attaches to the findings of the lower court on questions of fact.
[3] The only point on which there was any dispute on the facts was whether or not the position plaintiff had been referred to with the Delta Shipbuilding Co., Inc., on March 22, 1945, required typing. That is the point on which the district judge had some doubt and that is why he remanded the case to the Board of Review. At the hearing on the remand it was definitely shown that the position offered was that of "Junior Clerk" and that it did not involve typing at all. Plaintiff stated that he had understood from the lady who interviewed him on this referral that he would have some typing to do but the interviewer testified otherwise, stating that in interviewing an applicant she follows the orders on each card and the card in this case did not require typing.
Otherwise the facts show that plaintiff is a man 63 years old whose regular employment *Page 91 
was that of office clerk. When his last employment was terminated his wages were $1.20 per hour. The job he was referred to with Delta Shipbuilding Co., Inc., on March 22, 1945, was that of "junior clerk" at 61¢ per hour and up. Although he would have it appear that he did not investigate the position because of the typing requirement which, as just shown was never involved, the fact is, as shown also by the testimony of the interviewer taken on the remand as well as by his own testimony on the original hearing, he was not interested in the job because he considered the salary too low for a person of his experience and therefore it was not "suitable" work as the word "suitable" is defined in the statute.
[4] Section 4, par.(c) (1) of the act provides that in determining whether the work is "suitable" or not, the administrator shall consider, among other facts, "[the applicant's] experience and prior earnings, [the] length of employment, and prospects for securing work in his customary occupation * * *." There might be some merit therefore in plaintiff's contention when we consider that the wage on the job he was referred to was just about one half of what his prior earnings were, assuming that he would receive 61¢ per hour had he accepted it. How near the pay should compare with the applicant's prior earnings we would not know as the statute merely provides that "prior earnings" have to be taken into account in determining whether work is "suitable" or not. But the difficulty which confronts the plaintiff in this case is his apparent arbitrary attitude in having refused to investigate the referral even though he may have considered the pay to be not commensurate with his experience and prior earnings. The position was to pay wages of 61¢ per hour "and up," and it may well be that had he investigated it and made known his experience and other qualifications, he would have been started at a rate of pay which would have been satisfactory.
It was because he "did not even see fit to investigate the referral" that the Board of Review sustained the penalty assessed against him and the district judge concluded that "the record fully sustained the Board's findings, both as to the law and the facts." Plaintiff has failed to point out manifest error on the part of either the Board or the district judge and for the reasons stated herein, the judgment appealed from is affirmed.