85 So.2d 275 (1956)
Willie S. STROY, Plaintiff-Appellant,
v.
J. Hadley HEARD, Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, and M. L. Bath Company, Limited, Defendants-Appellees.
No. 8461.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1956.
Rehearing Denied March 2, 1956.
Writ of Certiorari Denied May 7, 1956.
Myers, Gatti & Egan, Shreveport, for appellant.
Lewis D. Dunbar, Baton Rouge, for appellees.
HARDY, Judge.
This is an appeal by plaintiff from a finding by the Board of Review of the Department of Labor of the State of Louisiana denying plaintiff's application for unemployment benefits. From a judgment of the District Court denying plaintiff relief, he has brought this appeal.
The facts are that plaintiff, an employee of M. L. Bath Company of Shreveport who sustained an accidental injury in the course and scope of his employment, made application for the benefits of unemployment compensation, which was rejected. After hearing the Referee reversed the finding of the Administrative Board and ordered payment of benefits. Upon application of the employer the matter was appealed to the Board of Review, which reversed the finding of its Referee on the following ground:
"The Board has very carefully reviewed and considered all of the available evidence in connection with this case, and is of the unanimous opinion that the disqualification assessed by the Agency is in order. There is sufficient evidence to show that the claimant left suitable employment, within the meaning of the Act, and was properly disqualified."
Under the provisions of LSAR.S. 23:1634 plaintiff applied for a judicial review which was accorded by the District Court of Caddo Parish. The District Judge, in a well reasoned opinion, upon the authority of Richardson v. Administrator, Division of Employment, Security Department of Labor, La.App., 28 So.2d 88, determined that its only jurisdiction was for the *276 purpose of an inquiry as to whether the decision of the Board of Review was supported by evidence. The court declared:
"It is not the function of the courts to substitute their judgments on the evidence for the judgments of the constituted administrative agencies charged with the determination of the facts."
Finding that there was evidence in support of the finding of fact by the Administrative Agency, the court declined to weigh the evidence on the ground that its jurisdiction was confined to questions of law.
With this holding, in view of the statutory provisions regulating the judicial review, we are forced to concur.
Under the provisions of LSA-R.S. 23:1634 the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. It is true that the section of the statute permits the remanding of the case for the taking of additional evidence, which provision is of somewhat doubtful efficacy in view of the fact, as in this case, that no additional evidence is shown to exist.
Examination of the record fails to disclose the existence of any question of law, as such, under the statute. If this had been a case on appeal which involved the weighing of evidence and a determination as to the possibility of manifest error on the part of a lower court, both the district court and this court would have been privileged, as reviewing judicial tribunals, to make pronouncements upon the question of fact. But, since the statute specifically denies such jurisdiction and confines the so-called "judicial review" to an examination of law and the existence of fraud and impels an affirmation of the Board of Review in the event of the existence of any evidence which may support its finding, the result is that a reviewing judicial tribunal is impotent to grant relief even if the evidence adduced should preponderate in favor thereof.
Since our consideration, interpretation and determination of issues tendered for "judicial review" is so expressly limited by statutory circumscription, it follows that neither the District Court nor this Court has any alternative to the acceptance and affirmation of the determination by the Board of Review.
For the reasons assigned the judgment appealed from is affirmed.