87 So.2d 146 (1956)
Wanda Lee RABORN, Plaintiff-Appellant,
v.
J. Hadley HEARD, Administrator of the Division of Employment Security, Department of Labor, State of Louisiana.
No. 4153.
Court of Appeal of Louisiana, First Circuit.
April 27, 1956.
*147 Rolfe H. McCollister, Ralph Brewer, Baton Rouge, for appellant.
Lewis D. Dunbar, Baton Rouge, for appellee.
TATE, Judge.
This suit is for judicial review of an administrative agency's denial of unemployment compensation. Plaintiff appeals from district court judgment affirming such denial by the Board of Review, Division of Employment Security.
Defendant agency determined that claimant was not "available for work", which is a statutory requirement to entitle an unemployed worker to receive unemployment compensation, LSA-R.S. 23:1600. The claimant disputes this determination.
Petitioner-claimant seeks judicial review of the findings of the Board of Review of defendant agency under LSA-R.S. 23:1634, which provides pertinently in part:
"* * * In any proceeding under this Section the findings of the board *148 of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, * * *."
Thus "the court therefore is only concerned with the question whether or not the finding of fact of the Board of Review is supported by evidence, which we take to mean legal, competent and sufficient proof", Richardson v. Administrator, Division of Unemployment Security, La.App. 1 Cir., 28 So.2d 88, at page 90 (affirming a Board of Review's refusal to allow unemployment compensation upheld by the District Court). See also Stroy v. Heard, La.App., 85 So.2d 275.
Generally, "the jurisdiction of the reviewing court is limited to questions of law. The findings of the administrative body are ordinarily conclusive on the courts if supported by substantial evidence. But the courts will not sustain a determination where the decision is supported by no substantial evidence and to sustain it will ignore the plain provisions of the act. So also, a question of law is presented for review if the administrative tribunal misapplied the law to the facts as found by it," 48 Am.Jur. 547-8, Verbo "Social Security, Unemployment Insurance, and Retirement Funds", Section 49, "Judicial Review Scope and Extent of Review."
We have reached the conclusion that there is no evidence in the record that the claimant was not "available for work" within the meaning of the Louisiana Compensation Law, LSA-R.S. 23:1471 et seq.
The facts are stipulated.
Claimant became unemployed on October 26, 1954, having previously worked for the McInnis & Gray Blind Company of Baton Rouge. She filed her claim for unemployment compensation and drew eight weekly benefits, or $160 in all, through the compensable week ending January 2, 1955. On January 10, 1955, the administrator discontinued her unemployment compensation for the alleged reason: "You have not shown that you are available for work by making a reasonable effort to find employment."
This action was apparently based upon the claimant's statement on January 10, 1955, that, "Since I filed my claim (11-9-54) I have contacted my former employer, McInnis & Gray Blind Company. No openings. Hebert Blind Company in Port Allen. They said I may be called in March or April. I have made no other contacts. I've never done any other kind of work." On January 13, 1955, claimant appealed alleging: "I feel I have made a reasonable effort to try to find work. This is the slow season."
The Administrator's finding thus was that the claimant was no longer entitled to unemployment compensation as lacking this statutory qualification: "He is able to work, and is available for work", LSA-R.S. 23:1600(3). (Italics ours.)
However, the sections of the unemployment act should be construed together in arriving at the legislative intent within the framework of the language used, Canada Dry Bottling Co. of Utah v. Board of Review, etc., Utah, 223 P.2d 586, 22 A.L.R. 2d 664.
This statutory provision must be read in conjunction with LSA-R.S. 23:1601, "Disqualification for benefits", which provides in part that "An individual shall be disqualified for benefits:
"* * * (3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, * * *.
"(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the *149 distance of the available work from his residence. * * *" (Italics ours.)
Thus a claimant is "available for work" within the meaning of the statutory enactment if he restricts his availability to "suitable work" as defined by the statute. See 4 Words & Phrases (1956 Pocket Part) 177, Verbo "Available for work"; Annotation, "Circumstances of leaving employment, availability for work, or nature of excuse for refusing re-employment, as affecting right to social security or unemployment compensation," 158 A.L.R. 396, supplemented by Annotation, 165 A.L.R. 1382, which is supplemented in part by Annotations at 13 A.L.R.2d 874 and 14 A.L.R.2d 1308. See Annotation, "Seasonal employees as entitled to unemployment compensation," 24 A.L.R.2d 1400. Of course, for purposes of drawing unemployment compensation employees cannot arbitrarily remove themselves from availability for work by restricting their willingness to work to certain hours, types of work, or conditions, not usual or customary in the occupation, trade, or industry, Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E. 2d 524, 25 A.L.R.2d 1071, annotated as to subject, 25 A.L.R.2d 1077.
The Administrator introduced no evidence whatsoever that claimant was not available for suitable work, within the meaning of the statute. On the contrary, the record shows that claimant sought employment with the blind companies in the Baton Rouge area, for which work she was suited by "prior training" and which was her "customary occupation." It was a slow season, and she was then unable to obtain such suitable employment, although she had prospects to be recalled to work in a month or so. (We are informed in brief of counsel that shortly after suit was filed in March, 1955, she was re-employed by McInnis & Gray Blind Company; which stipulation does not seem to have been included in the record.) The claimant is thus entitled to receive unemployment compensation for each week following January 2, 1955, terminating with her re-employment, within the statutory limits, as we find that she was available for work.
As was stated recently by Judge Hardy for the Second Circuit in Walsworth v. Heard, La.App., 84 So.2d 254, at page 256: "A court, under these proceedings for judicial review, is without authority to pronounce a money judgment and is limited to the pronouncement of a judgment ordering the Board of Review to grant relief in accordance with the terms of such mandate as the court might decree." (See LSA-R.S. 23:1634: "* * * Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.") Apparently attorney's fees for representing the claimant must be fixed by the Administrator rather than the court, see LSA-R.S. 23:1692.
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, for further proceedings in accordance with our decision herein.
Reversed and remanded.