AYRES, Judge.
The Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana has appealed from a judgment of the Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, reversing the decision of the Board of Review, wherein it was held that plaintiff was not available for work within the contemplation of the Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq., and, therefore, was not entitled to unemployment compensation. The judgment appealed affirmatively decreed plaintiff entitled to such benefits.
The Louisiana Board of Review, in reaching its decision, stated:
“An examination of the evidence before the Board, clearly shows that the claimant has not continued to comply with the eligibility requirements of the Act, insofar as her availability *487 is concerned. According to claimant’s own statement, she does not have any one to care for her child, and that she can only perform work at a certain timé during the day. Neither does she have transportation facilities. The claimant’s employability is restricted to such an extent that she cannot be considered available for work within the meaning of the Act.”
It is urged that this finding is supported by evidence in the record and is, therefore, conclusive and the court is precluded from a contrary finding, as in such instances its jurisdiction is confined to questions of law. In that connection, the pertinent portion of LSA-Revised Statutes 23:1634 reads as follows :
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
The authority of the trial court and of this court on appeal is limited, therefore, solely to the proposition as to whether the decision of the Board of Review was supported by evidence. Stroy v. Heard, La. App., 85 So.2d 275. No additional evidence is permitted m a hearing in the trial court. The review is, therefore, limited to such evidence as may be contained in the record as reviewed by the Board of Review. For determination of the issues here presented, a review of the evidence as contained in such record is necessary.
In plaintiff’s application for benefits under the statute, we find this statement:
“I have no one to care for my children so I can only accept a job working from 8:30 a. m. to 3:00 p. m.”
Standing alone and without explanation, this, of course, would tend to support the Tuling of the Board. However, in making explanation thereof in her notice of appeal to the Appeals Referee, plaintiff made this statement:
“I can arrange care for my children and can also arrange transportation for full-time work. This condition existed when I filed my initial claim also. My full statement was 8:30 to 3:00 p. m. were best hours because of the children but I could get a high school girl after school, if necessary. It is true I had no transportation arranged but that is because I could not make arrangements until I knew what hours I would work.
A number of persons commute from my area and I can arrange transportation as needed.”
In the hearing before the Appeals Referee, plaintiff gave this testimony:
“Referee: Mrs. Taylor, the records indicate that you filed a claim on January 22, 1954, and at that time you stated, T have no one to care for my children so I can only accept a j ob working from 8:30 a. m. to 3:00 p. m.’ You were held ineligible for benefits and you’ve made an appeal. Now, I want you to tell me in your own words just how you have overcome that you had to be with your children. I mean just what have you done to make yourself available after 3 :00 p. m. * * * of the normal work hours.
“Claimant: Well, I could always get a high school girl to keep my children. About those hours, they asked me what would be my best hours to work.
“Referee: I don’t think they ask you the best hours because—
“Claimant: What hours I could take because—
“Referee: They asked you what hours you could work probably.
“Claimant: And I didn’t say I couldn’t because I’ve always had someone to keep the kids if necessary.
“Referee: Well, what have you done about getting work?
“Claimant: Well, I have in my application in different places.
*488 "Referee: Where are some of the places that you have applications in?
“Claimant: Well, I have one at Couch Motor Lines and * * *, Texas.
“Referee: Now, how would you get to and from work?
“Claimant: Well, that isn’t a problem at all from out there because there’s a bus service, there’s a lot of people from out there working here. In fact, I have my own car. Transportation is no problem for me.
“Referee: Well, on February 13, 1954, there seems to be something brought up about your transportation, that’s why I asked you the question.
“Claimant: All I remember ever recall being out there I asked about transportation. They asked me did I have transportation arranged, I said ‘No, but I can get transportation.’ I’ve always been able to have transportation.
“Referee: You have your application in with various motor transport lines here in town?
“Claimant: That’s right.
“Referee: What type work do you ordinarily do ?
“Claimant: Well, I can do most anything I was trained for. They do their own training as far as hiring a girl.
“Referee: Do you have experience with the motor freight lines?
“Claimant: No, but you don’t have to have it.
“Referee: Has the office offered you any work?
“Claimant: No. Not recently.
“Referee: Have you ever done any clerical' work at all ?
“Claimant: In stores ?
“Referee: No, clerical work. Office work..
“Claimant: I worked for the superintendent of school when I went to school — a year afterwards.
“Referee: Well, now, the work with these motor transport companies would be of a clerical nature, wouldn’t it?
“Claimant: Some of it is, but they don’t hire altogether. They do some of course, but they don’t hire experienced girls altogether.
“Referee: Have you made any effort to get work as a sales clerk?
“Claimant: I have my application in at Sears.
“Referee: Approximately how many applications do you have in?
“Claimant: Four, I believe.
“Referee: Well, that’s all the questions I have to ask you, do you have anything further that you would like to give to the record?
“Claimant: No, I don’t guess,”
This testimony of the claimant constitutes the entire evidence in the record. No effort was made to impeach the witness or to discredit her testimony. Interpreting this testimony, the Appeals Referee stated:
“After being duly sworn the claimant testified that the office had misunderstood her statement in that she stated she preferred to work 8:30 to 3:00 P.M. as these were the best hours for her to work and be able to look after her children. However, she is able to have someone care for her children should she be able to get work on the normal work hours. She has transportation to and from work. Since filing her claim, she has attempted to get employment with four different trucking lines doing some sort of office work. Her past experience has been that of selling and with the Remington Rand, Inc. She had contacted no employers about obtaining work as a salesperson.”
*489 Now, what did she say with reference to her experience as an office worker? Her statement reveals that she worked for the superintendent of schools when in school and for a year afterwards. Also, as to whether or .not she had made any effort to get work as a sales clerk, reference to the testimony quoted hereinabove shows that she had made application for work at Sears and that altogether she had made four applications. After expressing an opinion that plaintiff had overcome the objection of unavailability for work because of her domestic responsibilities in looking after her children, the Referee, erroneously and without any foundation therefor, concluded:
“Since she has last worked, the claimant has attempted to secure employment with employers doing office work for which she is not qualified in that she does not have the experience in this type of work. She has made no effort to get work in the type of employment she possibly could find work.”
After stating that for claimants to be considered eligible for benefits, they must intend and wish to work, the’Referee concluded, without any scintilla of supporting evidence in the record, that “Her actions clearly indicate that she would rather remain unemployed and receiving benefits than to return to employment.” The record is completely void of any evidence bearing upon or justifying such a statement or conclusion.
The Board of Review, in reaching its conclusions that plaintiff was unavailable for work, reiterated cláimant’s purported statements that she had no one to care for her children; that she could only work at certain hours during the day and did not have transportation facilities, although, when the review was made of claimant’s record, these statements, as heretofore pointed out, had been fully and completely explained by incorporating in the record claimant’s full statements in connection therewith. The record clearly shows that claimant was in position to have her children cared for while she was at work; that she could perform work during any hours and particularly during normal working hours of the day, and that she had the use of facilities for transportation to work. Therefore,' contrary to the findings of the Board of Review, there is no evidence whatsoever in the record upon which it could be reasonably concluded that claimant’s employability is restricted to such an extent that she 'cannot be considered available for work within the meaning of the Louisiana Employment Security Law. On the contrary, the evidence abundantly establishes that she meets all the objections raised to her availability by the Appeals Referee and by the Louisiana Board of Review.
For these reasons, the judgment of thé district court, reversing the decision of the Division of Employment Security of the Department of Labor of the State of Louisiana and decreeing plaintiff entitled to the unemployment compensation benefits as prescribed by the aforesaid statute, is correct, and it should be, and is hereby, affirmed, and the Board of Review is directed to enter an appropriate order.
Affirmed.