92 So.2d 287 (1957)
Walter JENKINS, Plaintiff-Appellant,
v.
J. Hadley HEARD, Administrator, Division of Employment Security of the Department of Labor of the State of Louisiana, Defendant-Appellee.
No. 8598.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1957.
C. O. Brown, Alexandria, for appellant.
Lewis D. Dunbar, Marion Weimer, Baton Rouge, for appellee.
GLADNEY, Judge.
This action was instituted on behalf of Walter Jenkins for a judicial review of a decision of the Board of Review of the Division of Employment Security of the State of Louisiana, in which decision plaintiff's application for unemployment compensation was denied. Upon consideration by the district court, pursuant to LSA-R.S. 23:1634,[1] the findings of the Board of Review were sustained and plaintiff's suit dismissed. From this judgment an appeal has been perfected to this court.
The statute which authorized this suit expressly provides that if the findings of the Board of Review are supported by evidence, they shall be conclusive in the *288 absence of fraud. LSA-R.S. 23:1634. The clause supported by evidence has been construed to mean legal, competent and sufficient proof. Richardson v. Administrator, Division of Employment Security, Department of Labor, La.App.1946, 28 So. 2d 88, 90; Stroy v. Heard, La.App.1956, 85 So.2d 275; Raborn v. Heard, La.App. 1956, 87 So.2d 146.
Walter Jenkins was employed as a fireman at the Arkansas Oak Flooring Company of Alexandria, which employment was voluntarily terminated by him on August 15, 1954. On October 22, 1954, Jenkins filed a claim for unemployment compensation and when asked by the examiner why he quit his job, he stated: "I was doing the same work as other firemen and got less money. I asked to be raised and wasn't, so I left." His claim was rejected for the reason he left his employment without good cause connected with his employment. Jenkins renewed his claim and again gave the same reason for leaving. The employee then appealed to the Appeals Referee and in the hearing where he was represented by counsel, claimant denied he quit because he was refused a raise and stated he quit because he had been previously hospitalized for pneumonia and the work of cleaning out boilers was injurious to his health. Evidence was presented to the Referee and considered by the Board of Review disclosing that Jenkins was hospitalized at the Veterans Hospital near Alexandria from March 31, 1954 to April 21, 1955 for pneumonia and arthritis. Claimant was also shown to have been a patient at the Veterans Hospital from August 16th to September 17, 1954, and and again on October 26th to November 16, 1954, but no evidence was furnished as to the nature of claimant's illness immediately following the date he left his job with the Arkansas Oak Flooring Company. At the hearing before the Referee, Jenkins also testified he was employed for a period of five weeks during September and October, 1954. The Board of Review denied the claim and an appeal was taken to the district court.
On his appeal to the Board of Review the attorney for claimant requested the plea of claimant that he left his position due to health reasons, rather than because he was not given a raise, be given consideration. The same plea was continued in argument before the district court and this court.
The judge a quo correctly analyzes the issues herein presented in the following excerpt from his reasons for judgment:
"As shown above R.S. 1634 states that the findings of the Board of Review as to the facts if supported by evidence shall be conclusive and the jurisdiction of this Court is confined to questions of law. The only question before the Court at this time is whether there is sufficient evidence in the record to justify the Board of Review in its finding as to fact. I think that without question the answer must be in the affirmative. In its opinion, the Board of Review stated that it had very carefully reviewed the record and found that it established beyond a reasonable doubt that the claimant left a suitable job without good cause connected with his employment and that claimant had failed to substantiate his claim that he quit because of his health.
"Throughout the record, both at the time he filed his claim, and the time he completed his application for an appeal to the appeals referee, he stated that he left his job when a raise was denied him and certainly the Board of Review is justified in finding that these signed statements filed at an unsuspicious time should carry greater weight than the self-serving declaration made later during the hearing before the appeals referee in an effort to overcome a disqualification. This *289 Court is without jurisdiction to overrule the finding of the Board of Review as to this question of fact which is clearly supported by evidence in the record."
For the foregoing reasons, the judgment from which appealed is affirmed at appellant's cost.
NOTES
[1] LSA-R.S. 23:1634 reads in part:

"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court * * *."