104 So.2d 201 (1958)
Johnny CHAPMAN, Plaintiff-Appellant,
v.
DIVISION OF EMPLOYMENT SECURITY OF DEPARTMENT OF LABOR of the State of Louisiana et al., Defendant-Appellee,
W. E. Dowden, d/b/a Dowden Roofing Company, Defendant-Appellee.
No. 8818.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1958.
*202 John Makar, Natchitoches, for appellant.
Lewis D. Dunbar, Marion Weimer, Baton Rouge, Russell E. Gahagan, Natchitoches, for appellees.
GLADNEY, Judge.
Johnny Chapman instituted this action for judicial review of a decision of the Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana (for convenience hereinafter referred to as Board), wherein plaintiff's application for unemployment compensation was denied. The district court determined no error was committed by the Board, and sustained its finding that repeated acts of tardiness by the claimant constituted misconduct in connection with his work justifying disallowance of the claim under the provisions of LSA-R.S. 23:1601(2). This appeal has been perfected as a result of the adverse decision. Before this court appellant charges the findings of the Board were not supported by legal, competent and sufficient proof.
Our consideration of the appeal is circumscribed by a provision of the Louisiana Employment Security Law, LSA-R.S. 23:1471-1713 (Section 1634), which declares:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the *203 jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court * * *."
In interpreting this directive the appellate courts of this state have repeatedly said the phrase "if supported by evidence" is equivalent to "if supported by legal, competent and sufficient proof." See Richardson v. Administrator, Division of Employment Security, Department of Labor, La. App.1946, 28 So.2d 88; Stroy v. Heard, La.App.1956, 85 So.2d 275; Raborn v. Heard, La.App.1956, 87 So.2d 146; Jenkins v. Heard, La.App.1957, 92 So.2d 287.
The ruling of the Board denied plaintiff unemployment compensation upon finding the claimant was discharged for misconduct connected with his work. LSA-R.S. 23:1601 provides that an individual shall not be eligible for benefits "(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *"
The appellee herein is the administrative agency established through the Louisiana Employment Security Law in 1936, and since its creation has determined thousands of claims for benefits claimed under the statute. Patterned to conform with the Federal Social Security Act, 42 U.S.C.A. § 301 et seq., the Louisiana Act provides an unemployment reserve fund for the benefit of eligible unemployed workers maintained by taxes levied upon the employers and employees so affected. The act, because of its insurance aspect, is paternal legislation and the courts have construed its terms within the framework of its language as to afford as broad an application of the benefits as possible. It is expressly provided therein that the manner in which appealed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the Board of Review for determining the rights of the parties, whether or not such regulations conform to the usual rules of evidence and other technical rules of procedure. The law is replete with protective safeguards enacted to insure a fair and impartial determination of the employee's claim. He has the right to have counsel of his own choosing, he may not be forced to give incriminating testimony, and may appeal the decision of the Board as a matter of right. The Board is empowered to summon and force the attendance of witnesses, and require the production of material records.
The transcript of evidence as presented to us does not contain a copy of rules and regulations as may have been prescribed by the Board to govern the procedure of its hearings, but in the instant case the rights of the complainant do not directly involve irregularities which can be attributed to the admission of evidence. True it is, that counsel complains the employee was required to take the witness stand and give testimony against himself, and further that the employer was not present for the purpose of cross-examination by the employee, but wherein has the employee been prejudiced? When he submitted his claim for unemployment compensation it was incumbent upon him to establish a prima facie case showing entitlement to the benefits claimed under the statute and he can hardly do this without taking the witness stand to substantiate his position. Matters relating to discharge for tardy attendance at work have no relationship to reliance upon the self-incrimination rule for no crime herein is involved. The admissions of the claimant against his own interest constitute evidence of the strongest kind and in fact, partake herein of a judicial confession. Nor can we reject the decision of the Board simply because the employer was not present at the hearing and available for cross-examination by the employee. The latter failed to exercise his right to subpoena the employer though undoubtedly he could have done so. But, there was no necessity for this for appellant by his own testimony gave evidence which fully justified his discharge. From time immemorial promptness in reporting to *204 work has been regarded as essential to the proper conduct of an employer's business, and tardiness has been accepted as sufficient grounds for the termination of employer-employee relationship. The various excuses offered by appellant furnish no basis for justification for repeated acts of failure to report to work on time.
Plaintiff testified he applied for unemployment benefits after he had left work on March 1, 1957, for Dowden Roofing Company of Natchitoches, Louisiana, when he was discharged; that he had been working for his employer approximately three weeks for wages of $1.30 per hour as a roofer's helper; and that the reason why he had been late for work was due to the fact he did not have a clock and further that he could not tell the time. Then he explained he was instructed by the employer to meet at 6:00 o'clock in the morning a crew that worked out of town and that for some time another boy had awakened him timely, but this boy broke his watch. We quote some of the additional testimony of the claimant-appellant:
"Referee: Where did you have to meet them?
"Claimant: At theup there at that officeup there where you go to Powhatan. They got a little office over on that side.
"Referee: You'd go there and meet them, and they'd truck you somewhere to the job?
"Claimant: Yes, sir. We'd leave there.
"Referee: You were late three different times and they fired you?
"Claimant: Yes, sir.
"Referee: Are you working now?
"Claimant: No, sir. Can't get a job.
"Referee: Can't get a job. Have you looked anywhere?
"Claimant: Yes, sir. Everywhere I go, they're filled up."
The foregoing evidence substantially supports the decision of the Board of Review in its finding that plaintiff's tardiness on three occasions was misconduct in connection with his work, and fully justified the decision denying the employee's claim.
There is no error of law in the judgment from which appealed, and accordingly, it is affirmed at appellant's cost.