ELLIS, Judge.
Plaintiff has appealed from the judgment of the District Court in and for Tangipahoa *210 Parish, affirming the decision of the Board, of Review, wherein it was held that the plaintiff had voluntarily left her work without good cause connected with her work, which is a disqualification for benefits under LSA-R.S. 23:1601. It is well settled under LSA-R.S. 23:1634 which provides in part: “ * * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review, may, after hearing such additional evidence, modify its finding of fact or conclusions, and file such additional or modified findings and conclusions, together with the transcript of the additional record with the court. * * * The court therefore is only concerned with the question of whether or not the finding of fact of the Board of Review is supported by evidence which we take to mean legal, competent and sufficient proof. See Richardson v. Administrator, Division of Unemployment Security, La.App. 1 Cir., 28 So.2d 88, Stroy v. Heard, La.App., 85 So.2d 275. Raborn v. Heard, La.App., 87 So.2d 146. Burge v. Administrator, La.App., 83 So.2d 532; Taylor v. Administrator, Division of Employment Security of the Department of Labor of the State of Louisiana, La.App., 88 So.2d 486; Jenkins v. Heard, La.App., 92 So.2d 287.
Since fraud is not an issue herein, we are only concerned with the question of whether the finding of fact by the Board of Review are supported by legal, competent and sufficient evidence.
Iola C. Baker was employed by the Southern Mattress Company in New Orleans, La., which employment was voluntarily terminated by her on August 9, 1956. On August 15, 1956 Iola Baker filed a claim for unemployment compensation and in her application or claim is a statement signed by her as to why she voluntarily left her employment with the Southern Mattress Company, which was as follows: “I was living next door to my sister in New Orleans and she took care of my child while I was working. My sister moved to Washington, D. C. and I did not have anyone in New Orleans to take care of my child. I moved here with my other son, so I would have someone take care of my child so I could work.”
A determination of her claim resulted in a rejection by the agency for the following reasons: “You left your job with the Southern Mattress Company on 8-7-56 because you had nobody to keep your children. Your leaving was without good cause connected with the job.”
From the rejection of her claim by the agency she appealed and her case was heard by the appeals referee on October 2, 1956. Claimant was represented by counsel, and again gave as her reason for quitting the same facts as above quoted from her original application to the agency. It was shown that the son was adopted and thirteen years of age. In addition she did testify that she did not get along with the “floor lady” in charge at the Southern Mattress Factory.
The Appeals Referee affirmed the decision of the agency that claimant had left her employment with the Southern Mattress Company without good cause connected with her work. He found that her reasons for leaving were personal, that although she had good moral and personal reasons for moving from New Orleans, she could not be relieved of the disqualification.
Claimant appealed to the Board of Review and gave the interviewer the same reasons with one exception, “I can furnish the dr. certificate that he advised me to leave.” The decision of the Appeals Ref *211 eree was affirmed by the Board of Review and claimant thereupon filed petition in the district court for a judicial review, in which she alleged that the Board of Review was in error in its finding that she had left her employment without good cause connected with her employment, and additionally alleged: “That your petitioner was advised by her physician to change the nature of her work, the same being detrimental to her health, as will appear from the record in-the proceedings referred to in the 1st paragraph of this petition.”
The case was heard by the District Court and Judgment rendered remanding the cause to the Board of Review for additional testimony as to her physical condition. This was done and claimant introduced a letter from her doctor in New Orleans in which he certified that she had been under his professional care since July 24, 1956 because of “severe pains in right shoulder. I believe this condition to be caused by the type of work she has been doing. At that time she was advised to try other types of work.” On the trial claimant’s testimony was to the effect that her primary reason for leaving the job was not because of her son but because of her health. She told of going to a Dr. Hayes and to the Charity Hospital and of her having had an x-ray of the chest. There is no testimony from these sources nor any records from Charity Hospital or the result of any x-ray. .
The Board of Review again denied her claim and returned to the District Court the additional evidence, along with the findings of fact and conclusions and a complete transcript of the record. The District Court thereupon by judgment affirmed the decision of the Board of Review, “denying plaintiff-claimant unemployment compensation benefits herein.”
The decision of the Appeals Referee and the Board of Review in affirming the latter’s decision is supported by evidence which is legal, competent and sufficient. A statement made in the case of Jenkins v. Heard, supra, with regard to the facts is most apropos to the case at bar and we quote: “Throughout the record, both at the time he filed his claim and the time he completed his application for an appeal to the Appeals Referee, he stated that he left his job when a raise was denied him and certainly the Board of Review was justified in finding that these signed statements filed at an unsuspicious time should carry greater weight than the self-serving declaration made later during the hearing before the Appeals Referee in an effort to overcome a disqualification. This Court is without jurisdiction to overrule the finding of the Board of Review as to this question of fact, which is clearly supported by evidence in the record.”
Claimant in the case at bar first signed a statement that she quit her job because her sister had moved from New Orleans and she had no one to take care of her thirteen year old adopted son, and after losing on this ground, alleged in her petition in the District Court and so testified before the Board of Review when it was ordered to take additional testimony, that her prime reason was one of health connected with her work.
For the reason assigned the judgment under consideration on this appeal is affirmed at appellant’s cost.