115 So.2d 880 (1959)
Henry ABRAMS
v.
Thomas W. SHARP, Acting Administrator, or the Administrator, Division of Employment Security, Department of Labor, State of Louisiana, et al.
No. 21440.
Court of Appeal of Louisiana, Orleans.
November 30, 1959.
Philip S. Finn, Jr., New Orleans, for plaintiff and appellant.
L. D. Dunbar and Marion Weimer, Baton Rouge, for defendant and appellee.
McBRIDE, Judge.
By this action Henry Abrams seeks a judicial review of the determination made by the Board of Review of the Division of Employment Security of the State of Louisiana, whereby said board denied Abrams' application for unemployment compensation. The lower court considered the matter pursuant to LSA-R.S. 23: 1634 and rendered a judgment sustaining the decision of the Board of Review, and from this judgment Abrams has perfected his appeal to this court.
Plaintiff made his application to the Division of Employment Security which in due course determined that plaintiff had left his employment without good cause connected with the employment and held he was disqualified from any benefits; this determination was affirmed by the Appeal Referee of the Appeal Tribunal, and the conclusions of the Appeal Tribunal were in turn affirmed by the Board of Review.
The statute which authorizes a judicial review makes the express provisions that if the findings of fact of the Board *881 of Review are supported by evidence, they shall be conclusive in the absence of any fraud and the jurisdiction of the court shall be confined to questions of law. LSA -R.S. 23:1634.
The clause "supported by evidence" means legal, competent and sufficient proof. Richardson v. Administrator, Division of Employment Security, Department of Labor, La.App., 28 So.2d 88; Stroy v. Heard, La.App., 85 So.2d 275; Raborn v. Heard, La.App., 87 So.2d 146; Jenkins v. Heard, La.App., 92 So.2d 287.
In its decision the Board of Review stated:
"A review of the evidence in connection with this appeal shows that the claimant voluntarily left his employment. The reason offered by the claimant for leaving his job was because of his failure to obtain a raise, and because of the employer's attitude."
The Administrator, upon answering the petition, filed with the court a certified copy of the record of the case including a transcript of all testimony taken in the matter, and this we have examined and readily conclude that the findings of fact made by the Board of Review are supported by evidence, i. e., legal, competent and sufficient proof.
Abrams worked with the James E. Comiskey Company approximately five months as a chemist mixing soft drinks at a weekly salary of $75. About two or three months after the employment commenced, appellant asked for an increase of salary which Mr. Comiskey refused to grant. On or about October 18, 1957, Mr. Comiskey called appellant and proceeded to upbraid him for the way he was handling his job. Appellant says that Mr. Comiskey abused and directed vile epithets toward him. On October 22, 1957, the employer addressed an office memorandum to appellant informing him that his work and demeanor were not satisfactory, and the letter concluded with the statement: "There must be a closer relationship between you and myself * * *." The following day appellant prepared a letter of resignation which the employer accepted on October 30.
Appellant advances the contention that the Board of Review was in error as to the reason he left the employment and that the real cause was because of the verbal abuse heaped upon him on October 18, 1957. It is quite true in his letter he complained of the harsh manner in which Mr. Comiskey spoke to him, but we notice that appellant also wrote: "I may reconsider and only at a net minimum drawing of $125.00 weekly, after tax deductions."
In other words, it is apparent appellant was willing to forget and to forgive Mr. Comiskey if the employer would accede to raising his salary to the extent demanded.
The claimant left a suitable job without good cause connected with his employment. A refusal by the employer to grant a wage increase on the demand of the employee does not furnish the employee with a good and sufficient reason connected with his employment to terminate the job, and the employee must be considered disqualified from all benefits. See Jenkins v. Heard, supra.
LSA-R.S. 23:1601, as amended, provides in part as follows:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *"
Considering the record as a whole, we perceive no error of law in the conclusions of the Board of Review.
Therefore, the judgment appealed from is affirmed.
Affirmed.