124 So.2d 225 (1960)
Lee T. HUDDLESTON, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, et al., Defendants-Appellees.
No. 9279.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
Rehearing Denied December 1, 1960.
Wilson, Abramson, Maroun & Kaplan, Shreveport, for appellant.
Love & Rigby, Shreveport, for Yellow Cab Co., appellee.
Lewis D. Dunbar, Marion Weimer, Baton Rouge, for Richard E. Brown, appellee.
HARDY, Judge.
This action was filed by plaintiff as a judicial appeal from the rejection of his claim for unemployment compensation by action of the Board of Review of the Division of Employment Security, and he appeals from judgment of the district court rejecting his demands.
Plaintiff was employed as a taxi driver for the Yellow Cab Company of Shreveport, Inc., and after many years service was discharged on September 20, 1958. Application for unemployment compensation was first opposed by the employer, who asserted the discharge was effected by reason of plaintiff's advanced age of sixty-four years. This asserted reason was held not to constitute a disqualification and the employer appealed. Upon hearing of the appeal the employer contended that the discharge was based upon a serious accident in which plaintiff had been involved, and further upon numerous complaints as to his unsatisfactory driving and discourtesies to passengers. These contentions were sustained by the Appeals Referee and upon appeal by claimant the Board of Review sustained the conclusions of the Referee and held plaintiff disqualified on the ground that *226 he had been involved in an accident causing injuries to passengers in his taxi, and because of complaints as to the manner of his driving and his attitude toward his passengers. At the outset of our consideration of this matter it is well to call attention to the fact that the statute limits judicial review to a determination as to whether the findings of fact are supported by evidence; LSA-R.S. 23:1634. The phrase "supported by evidence" has been many times interpreted by our courts as implying the necessity for legal, competent and sufficient proof; Abrams v. Sharp, La.App. Orleans 1959, 115 So.2d 880; Baker v. Sharp, La.App. First Circuit 1959, 110 So. 2d 209; Chapman v. Division of Employment Security, La.App. Second Circuit 1958, 104 So.2d 201; Jenkins v. Heard, La. App. Second Circuit 1957, 92 So.2d 287. This interpretation was adopted by the Legislature in Section 1 of Act 523 of 1958, which amended LSA-R.S. 23:1634, inter alia, by changing the phrase "* * * supported by evidence * * *" to "* * supported by sufficient evidence * * * ". (Emphasis supplied.)
Proceeding to a study of the evidence on the factual issues as made up by the record of proceedings before the Administrative agencies, we find it is established that plaintiff was involved in an accident during the month of July, 1958. The preponderance of the testimony justifies the conclusion that the accident was attributable to a failure or defect in the mechanism of the employer's taxicab and not to the negligence of claimant. Under such circumstance it is clear that the accident did not involve any misconduct on the part of claimant.
As to the complaints with respect to plaintiff's manner of driving and his attitude toward the passengers, we find that in the final analysis this charge rests upon the basis of one complaint made by a woman passenger on a rainy day, who had been kept waiting for the arrival of the taxi driven by plaintiff. The passenger further complained of plaintiff's negligent driving, specifically in making a sudden application of his brakes, which caused the breaking of a bottle of milk. Claimant's testimony and explanation of the factual circumstances of this complaint is uncontroverted and should have been accepted as adequate and satisfactory.
It is noted that the office manager of claimant's employer testified, without particularization, of other and numerous complaints, but the record is devoid of any evidence thereupon. In this connection it might be appropriate to point out the fact that our courts are constantly being confronted, in their consideration of claims involving rights to unemployment compensation, by records made up before the administrative officials and boards of the Department which are replete with what appears to be the grossest character of hearsay testimony. The instant case provides a striking illustration. The claimant was not confronted with witnesses who were responsible for any charges or complaints against him and therefore was deprived of the opportunity to interrogate such witnesses. It must be pointed out that continuance of this procedure renders a claimant completely helpless before mere unsubstantiated representations. We are unaware of any procedural rules regulating administrative hearings of a nature similar to that which is involved in the instant case, and if such regulations do not exist, we would venture to suggest, in the interest of justice, that a consideration of a mode of procedure based upon accepted and reasonably practical fundamental rules of evidence would be highly desirable.
Our consideration of the record in the instant case leads to the conclusion that the rejection of plaintiff's claim was not supported by evidence constituting legal, competent and sufficient proof. It follows that the judgment appealed from should be, and accordingly it is, set aside and annulled.
The appropriate relief to which plaintiff is entitled must be awarded by the *227 defendant department; Raborn v. Heard, La.App., 87 So.2d 146; Walsworth v. Heard, La.App., 84 So.2d 254.
For the reasons assigned this case is remanded to the Board of Review, Division of Employment Security, Department of Labor, State of Louisiana, for further proceedings in conformity with this opinion.