GLADNEY, Judge.
Ernest G. Parish appeals from a judgment of the district court affirming a ruling of the Louisiana Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana denying his claim for unemployment compensation benefits.
The uncontroverted facts disclose that the employee after accepting a job with the Ardis Ritchie Grocery of Shreveport worked one day and quit, giving as his reason therefor that he did not know the work was to be largely manual labor; nor did he realize that the hours would be in excess of forty hours per week, and that the pay was going to be the small hourly wage it turned out to be. Also he testified that because he was a diabetic the long hours of work would be harmful to his health and would interfere with his intake of insulin.
In its determination, the Board of Review made, inter alia, findings of fact that disclosed the employee Parish was aware of the number of hours he would have to work, and the approximate pay when he accepted the employment; that after he decided he was dissatisfied with the job, he did not go to his employer and discuss the matter further with him nor did he give the job a fair trial by working just one day.
The sole issue to be determined is whether or not the employee left his employment without good cause connected with his employment.
It is argued on behalf of appellant that in determining whether or not any work is suitable for an individual, the Administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of employment, his prospects for securing local work in his customary occupation and the distance of the available work from his residence; and that the statute provides that compensation shall not be denied any otherwise eligible individual for refusing to accept work if the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality. LSA-R.S. 23:1601 (3) (a, b). Counsel contends a wage scale of $1.15 per hour as a shipping clerk for the Ardis Ritchie Grocery with employment requiring work of sixty hours per week would have required of Parish working conditions that were substantially different from previous employment where he performed secretarial work at a pay of $1.95 per hour for a forty hour weekly period.
The findings of the Board of Review are not seriously disputed and disclose rather clearly that the employee was fully aware of the conditions upon which he undertook his brief employment. The findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court is confined to questions of law. LSA-R.S. 23:1634. This court is not authorized to simply substitute its judgment for that of the Board of Review and accordingly we must accept their findings as to facts when supported by evidence.
 In a discussion of whether or not an employee can assert good cause within the meaning of LSA-R.S. 23:1601(1), the general principle is stated in 81 C.J.S. ver-bo, Social Security and Public Welfare § 171:
“An employee may sometimes be justified in voluntarily terminating his employment, without losing his right to unemployment compensation, where he *862 is called on to work under less favorable conditions, or where he is transferred from available work to work of a substantially different nature; but a change in the work ordinarily does not justify the employee in terminating his employment where the employer no longer has occasion to use the employee in the work he had formerly performed, either permanently or temporarily, but can continue the employment in some related capacity. Working conditions which are dangerous or detrimental to health constitute good cause for leaving one’s employment. On the other hand, customary working conditions not involving deceit or other wrongful conduct on the part of the employer are not a sufficient reason for an employee voluntarily to leave his most recent work.”
The Louisiana decisions are in accord with the above stated principle of law and have held that an employee who resigns because of dissatisfaction with wages or customary working conditions does not have “good cause” within the meaning of the statute. Flournoy v. Brown, La.App., 140 So.2d 729 (3rd Cir.1962). Abrams v. Sharp, La.App., 115 So.2d 880 (Orl.1959); Jenkins v. Heard, La.App., 92 So.2d 287 (2nd Cir.1957) ; Friloux v. Administrator, Division of Emp. Sec. of Dept. of Labor, La.App., 136 So.2d 99 (4th Cir.1962).
Appellant has failed to disclose error on the part of the Board of Review and the district court in its determination that he is not entitled to unemployment insurance benefits. We agree with the Board of Review that the employee should have made more of an effort to prove whether or not his working conditions would be detrimental to his health. Having worked such a short period of time undoubtedly he had no opportunity to give his employment a fair trial. Accordingly, we approve of the decisions reached by the Board of Review and by the district court.
The judgment appealed from dismissed plaintiff’s suit at his cost. Under LSA-R.S. 23:1692 costs are assessed against a claimant only if it is determined that the proceedings for judicial review have been instituted or continued frivolously. The decree is reformed to omit the taxing of costs and, as amended, it is affirmed.
Amended and affirmed.