GULOTTA, Judge.
Plaintiff appeals from a trial court judgment affirming a decision of the Board of Review of the Department of Employment Security. The Board of Review upheld the decision of the Appeals Referee and the Division of Employment Security, denying plaintiff unemployment benefits on the grounds that the employee left his job without good cause when he voluntarily quit the job because he was not given a requested pay increase. We affirm.
We find no merit to plaintiff’s position that the Board of Review erred in its finding of fact that plaintiff voluntarily - left his job without good cause and that the facts found by the Board of Review are-not supported by sufficient evidence.
LSA-R.S. 23:1601 provides, in pertinent part:
“§ 1601. Disqualification for benefits
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *”
It is well settled that a refusal by the employer to grant a wage increase on demand of the employee does not furnish the employee with good cause to terminate his employment. Abrams v. Sharp, 115 So.2d 880 (La.App.Orl.1959).
LSA-R.S. 23:1634 expressly provides: “§ 1634. Judicial review; procedure
“* * * in any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *”
In denying plaintiff’s application for benefits, the Appeals Referee stated:

“FINDINGS OF FACT

“The claimant worked for the above employer six years as a laborer. On June 24, 1974, the claimant requested a raise which was denied. He was due to begin work at 7:30 a.m., at which time he normally loaded the lawn mowers on the truck. On this morning he remained off the job and did not begin working. The employer went to the front of the plant where the claimant was standing and asked for the credit cards and keys to the truck. He last worked on June 21, 1974.”
This finding is supported by the testimony of Cosmo Crusta, president of C. Crus-ta, Inc., plaintiff’s former employer, who stated that plaintiff quit his job because he (plaintiff) was denied a pay increase. The employer’s version of the conversation between himself and Ellis was that he, Crus-ta, stated that he would go out of business before he would give his employees an additional raise. According to Ellis, Crusta said that he could not give a raise to Ellis and his fellow employees because he, Crus-ta, was going out of business. Therefore, Ellis contends that he did not voluntarily terminate his employment.
The Appeals Referee, in his opinion, stated:
“The claimant left the employment when he did not proceed to work as usual after being denied a raise in pay. It is concluded that he left the employ *372 ment without good cause connected with the employment.”
Under the circumstances, we cannot say that the determination made by the Appeals Referee and affirmed by the Board of Review finding is not supported by sufficient evidence. Furthermore, a review of the record fails to show any error of law. The judgment is affirmed.

AFFIRMED.