SCHOTT, Judge.
This is an appeal from disqualification for benefits for unemployment compensation. Plaintiff’s claim for benefits was disallowed initially by the agency, whereupon the case was heard by an Appeals Referee who affirmed the disqualification. This decision was further affirmed by the Louisiana Board of Review, and that decision was affirmed by the District Court.
The Appeals Referee found that plaintiff left her job following an argument between her and one of the salesmen employed by her employer. This salesman had no authority or supervisory jurisdiction over plaintiff whatsoever. The argument took place when plaintiff told him she was due a salary increase and the salesman rejoined that she was not entitled to one. She had intended to ask the employer for a salary increase but she never made any such request. After the argument she left the job for a time, returning later on the same day, reported to her employer and advised him she was quitting her job. Asked why she was quitting, she told her employer to ask the salesman with whom she had argued. She then left the job again without explaining to the owner why she was leaving.
In a judicial review of the decision of the Board of Review the findings of the board as to facts, if supported by sufficient evidence, and in the absence of fraud shall be conclusive with the court’s jurisdiction confined to questions of law. LSA-R.S. 23:1634. The record consisting of the testimony of plaintiff completely supports the findings summarized above. The only other witness who testified was the plaintiff’s daughter-in-law who had no personal knowledge of the pertinent events.
R.S. 23:1601 provides that an individual shall be disqualified if the administrator finds that he has left his employment without good cause connected with his employment. In this case the evidence shows that plaintiff simply quit and left her job without any request made to or discussion with her employer.
In Ellis v. Doyal, 330 So.2d 370 (La.App. 4th Cir. 1976) we held that plaintiff was not entitled to unemployment benefits where he asked for a raise, was denied same, and then voluntarily quit because the raise was not given. Here we have an employee who never asked for a raise, but instead told a co-worker that she was entitled to a raise, and after quitting told her employer in answer to his question as to why she quit that he could ask the co-worker.
The judgment appealed from is affirmed.
AFFIRMED.