WATKINS, Judge.
Plaintiff appeals from a judgment of the 19th Judicial District Court affirming a decision of the Louisiana Board of Review of the Department of Employment Security. The Board of Review upheld the decisions of the Appeals Referee and the Division of Employment Security. In affirming, the Board denied plaintiff unemployment benefits pursuant to LSA-R.S. 23:1601(1), when plaintiff voluntarily left his job without good cause because a request to be fired, laid off, or given a pay increase was denied by his employer. We affirm.
The testimony at the Appeals Hearing, establishes the following facts:
The plaintiff worked approximately four years for American Glass Distributor of Louisiana, Inc. as a warehouseman. When he was hired his pay scale was $3.00 an hour; when he resigned it was $5.25 an hour.
The plaintiff testified that on May 4, 1982 he spoke to his supervisor, Mr. Frazier, and asked Frazier to either lay him off, fire him or give him a raise. Plaintiff claimed he was not paid enough, and unless something were done he couldn’t ‘hang with this no more’. Mr. Frazier refused his request. Subsequently, Mr. Currey, Vice-President and General Manager, approached plaintiff and questioned him about his dissatisfaction. Currey testified that he advised plaintiff that it was not time for a raise and that plaintiff had received raises in the past but was not due one now. Currey also advised plaintiff that if he was still dissatisfied with his wages he could punch out and leave because Currey did not want dissatisfied employees working for him. The plaintiff’s testimony affirmed that he was dissatisfied and voluntarily punched his time and left.
In denying plaintiff’s application for benefits, the Appeals Referee stated and the Board of Review affirmed that:
“The facts in this case reveal that claimant was dissatisfied with the wages he was receiving. His request for a pay raise was denied and explained to him. He chose to leave his employment rather than to continue and be satisfied with his salary. Therefore the leaving was without good cause connected with the employment.”
Our scope of Judicial Review of the decisions rendered by the Board of Review is limited by LSA-R.S. 23:1634, which provides that the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to question of law. Ellis v. Doyal, 330 So.2d 370 (La.App. 4th Cir.1976); Abraham v. Doyal, 253 So.2d 579 (La.App. 2nd Cir.1971). We find that the factual findings of the Board of Review, and Appeals Referee are based on a reasonable construction of the evidence.
The appropriate statute, LSA-R.S. 23:1601(1) provides in pertinent part: “An individual shall be disqualified for benefits: 1) If the administrator finds that he has left his employment without good cause connected with his employment ...” It is well settled that a refusal by the employer to grant a wage increase on demand of the employee does not furnish the employee with good cause to terminate his employment. Ellis, supra; Abrams v. Sharp, 115 So.2d 880 (La.App.Orl.1959).
Plaintiff alleges that pursuant to LSA-R.S. 23:1601(1) he punched out with ‘good cause’ because in effect he felt he had been discharged. The Louisiana Department of Labor Office of Employment Security (Department of Labor) submitted *618 a brief in support of plaintiffs position. It is the Department of Labor’s contention that plaintiff was provoked into discharge. We do not agree. The doctrine of ‘provoked discharge’ 81 CJS Section 225 is a relatively obscure doctrine with limited usage. It is predominately found in New York and Pennsylvania opinions with little jurisprudence in Louisiana. We find that the doctrine has no application in this situation, in that the plaintiff was not discharged, but instead left voluntarily.
The facts in this case do not reveal that the employer discharged the claimant from his employment after he submitted his resignation, as alleged by plaintiff. Therefore, as stated by the Appeals Referee, LSA-R.S. 23:1601(2) will not be applied to the case.
Under the circumstances, we find that the determination made by the Appeals Referee and affirmed by the Board of Review is supported by sufficient evidence. Furthermore, a review of the record fails to show any error of law. The judgment is affirmed, with all costs to be paid by plaintiff.
AFFIRMED.