HARDY, Judge.
Plaintiff brought this action as an application for a judicial review of a finding by the Louisiana Board of Review rejecting her application for unemployment security compensation. Named as defendant was J. Hadley Heard in his capacity as Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana. After entrance of a preliminary default, on plaintiff’s petition for review to the Second District Court in and for Jackson Parish, the same was confirmed and judgment rendered in favor of plaintiff reversing the decision rendered by the Louisiana Board of Review and ordering the Department of Labor of the State of Louisiana to pay plaintiff the sum of $500. From this judgment defendant has devolutively appealed.
Defendant has filed no pleadings in the instant case, either in the district court or on appeal, and has contented itself with the filing of a brief by the General Counsel for the Division of Employment Security of the Department of Labor of the State of Louisiana.
The issues presented in counsel’s brief involve contentions which could and should have been presented on hearing of plaintiff’s application before the district court but are here raised for the first and only time. Principal among these contentions are the claims that the district judSe was without authority either to take evidence or to pronounce any judgment on the merits plaintiff s claim, in view of the provi-s*ons °f LSA-R.S. 2o:1634 limiting the jurisdiction of the court to questions of ^aw> prohibiting additional evidence, and restricting the relief to the ordering of additional evidence to be taken before the Board of Review.
In connection with the position assumed by appellant with respect to this appeal, we note an order of the court appended to plaintiff’s application for judicial review reading as follows:
“It Is Ordered that Hon. J. Hadley Heard, Administrator of the Division of Employment Security, Department of Labor, State Capitol Annex, Baton Rouge, Louisiana file forthwith and not less than fifteen (15) days from the service hereof with the Clerk of the Second Judicial District Court, Jonesboro, Jackson Parish, Louisiana, a certified copy of the record in this case bearing docket No. 271-BR-54 (#1180-AT-54) including all documents, papers and a transcript of all testimony taken in the matter before the Administrative Boards, their findings, conclusions and decisions in order that a Judicial Review may be had in accordance with law particularly R.S. 23:1634 of the laws of the State of Louisiana.
“Thus Done ordered and signed at Jonesboro, Louisiana, on this the 21 day of June, A.D. 1954.”
The record shows that plaintiff’s application was properly filed; that service of her petition and order of the court for the filing of the record was duly made on defendant, J. Hadley Heard; that the above order for the production of the record was not complied with; that default judgment was confirmed and rendered by the court on the basis of testimony by the plaintiff; that this appeal was taken by *256 ■petition and order thereon almost five months after rendition of judgment, and that no pleadings have beén filed in this ■court.
The foregoing observations would serve ■to dispose of this matter were it not for •the somewhat stringent limitations which .govern the procedure with reference to judicial review, as provided in LSA-R.S. 23:1634. We quote below the applicable ■extracts from Section 1634 which we think should govern the disposition of the in:stant case.
“In any proceeding under this Section the findings of the board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court * * *. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.”
It is evident that a certified copy of the record of the case before the Board of Review was not filed in the district court. It is further clear that the district court •was. prohibited by the statute from taking additional evidence. In view of these considerations the court was without authority to pronounce any judgment. Plaintiff, who .appears to have scrupulously fulfilled the requirements of the statute with respect to 'her application for judicial review, and who was therefore properly before the court, had the right to compel the administrator to produce the record of the hearing of her claim before the Board of Review either 'by a rule for contempt or through mandamus proceedings, and, under the specific •.provision of the statute as above ■ quoted, the court was prohibited from receiving additional evidence.
It is also evident that a court, un■der these proceedings for judicial -review, ■is without authority to pronounce a money ■judgment and is limited to the pronouncement of a judgment ordering the Board of Review to grant relief in accordance with the terms of such mandate as the court might decree.
It follows, because of the irregularities above noted, that the judgment appealed from is a nullity. Under the provisions of Article 609 of the Code of Practice the nullity of judgment can be demanded on appeal when the nullity is apparent on the face of the record.
For the reasons assigned the judgment appealed from is annulled and set aside and the case is remanded to the Honorable the Second Judicial District Court in and for the Parish of Jackson, State of Louisiana for further proceedings in conformity with this opinion.