AYRES, Judge.
Plaintiff brought this action on February 7, 1972, pursuant to LSA-R.S. 23:1634 seeking a judicial review of a decision by the Louisiana Board of Review which rejected his application for unemployment compensation benefits. Named as defendants were the Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, and plaintiff’s former employer. On the failure of the defendants to answer plaintiff’s demands, a preliminary default was entered and subsequently confirmed. The decision of the Louisiana Board of Review was reversed, and the Division of Employment Security was ordered to recognize plaintiff's eligibility for unemployment compensation benefits and to pay these benefits to *781 plaintiff in accordance with law. Defendant Administrator appealed suspensively from the judgment.
LSA-R.S. 23:1634 provides, in part, “. . . In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court . ”
The courts of this State have recognized that only a limited jurisdiction is granted in employment security cases and that the courts must accept the administrative findings of fact if supported by sufficient evidence. Hargrove v. Brown, 247 La. 689, 174 So.2d 120, 122 (1965); Turner v. Brown, 155 So.2d 276, 277 (La.App., 3d Cir. 1963).
The record in the instant case discloses at the time the trial court rendered its judgment the record on which the Board of Review’s decision was based was not before the court. Defendant contends that, since the trial court may only determine whether the findings of fact by the Board of Review are supported by sufficient evidence, the trial court erred by rendering a judgment before it reviewed the record on which the Board of Review made its decision. We agree with this contention.
The same precise question was decided by this court in Walsworth v. Heard, 84 So.2d 254 (La.App., 2d Cir. 1955). In that case, also, the trial court confirmed a default judgment in favor of plaintiff (petitioner for unemployment compensation benefits) before the record on which the Board of Review had based its decision was filed with the court. We annulled that judgment as there was nothing before the trial court from which it could determine whether the findings of the Board of Review were supported by sufficient evidence. We noted that a claimant seeking judicial review of an unfavorable decision by the Board of Review has adequate remedy to compel the Administrator to produce the record of the hearing before the Board of Review. However, until that record is before the court, there is nothing on which a judgment can be rendered.
For the reasons assigned, the judgment appealed is reversed, annulled, and set aside, and the case is remanded to the Honorable, the Twenty-Sixth Judicial District Court in and for Webster Parish, Louisiana, for further proceedings consistent herewith and in accordance with law.
Reversed and remanded.