GULOTTA, Judge.
Plaintiffs, employees of National Airlines, sought judicial review from a denial of their claims for unemployment insurance compensation benefits[1] by the Louisi *804 ana Board of Review for the Division of Employment Security.
A default judgment was obtained on October 13, 1970, reversing the decision of the Board. In response, the Administrator of the Department of Employment Security of the State of Louisiana filed a Rule to set aside the default judgment on the grounds that the trial court had rendered judgment before the Administrator had filed with the court the administrative transcript of plaintiffs’ hearing before the Board. However, the Court denied the Rule. The Administrator then filed this appeal seeking to set aside the default judgment. We are presented with the question of whether a judicial review of the Board might be had and a judgment rendered by the trial court absent the administrative transcript of the proceedings before the Board of Review.
The statutory and jurisprudential authority reflect that determinations of the Board of Review on factual questions are to be binding on the Court if supported by sufficient evidence. Hargrove v. Administrator, Division of Employ. Sec., 166 So.2d 314 (La.App. 3rd Cir. 1964), aff’d in 247 La. 689, 174 So.2d 120 (1965), cert. den. 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123; Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1963); Turner v. Brown, 134 So.2d 384 (La.App. 3rd Cir. 1961); LSA-R.S. 23:1634. It, therefore, follows that the Court is limited to reviewing the rulings of the Board on questions of law only. In this respect, LSA-R.S. 23:1634 provides:
“Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such pre-ceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the hoard of review’s findings, conclusions, and decision. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. * * * ” (Emphasis ours.)
*805 This provision clearly dictates that the transcript of all testimony taken before the Board of Review together with the Board’s findings, conclusions and decisions are to be included in the record.[2] In this proceeding, however, the complete administrative transcript has not been filed with the Court. Thus, since the complete record of the proceedings before the Board of Review (including the evidence adduced at the hearing before the Board) was not before the trial judge, and he is prohibited by LSA-R.S. 23:1634 from taking additional evidence, the trial court was not in a position to render a judgment.
The language of the court in Walsworth v. Heard, 84 So.2d 254 (La.App. 2nd Cir. 1955) wherein the record of the case before the Board of Review had also not been filed with the district court is appro-po. The court stated therein at page 256:
“The foregoing observations would serve to dispose of this matter were it not for the somewhat stringent limitations which govern the procedure with reference to judicial review, as provided in LSA-R.S. 23:1634. We quote below the applicable extracts from Section 1634 which we think should govern the disposition of the instant case.
“ ‘In any proceeding under this Section the findings of the board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court * * *. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.’ ”
“It is evident that a certified copy of the record of the case before the Board of Review was not filed in the district court. It is further clear that the district court was prohibited by the statute from taking additional evidence. In view of these considerations the court was without authority to pronounce any judgment. Plaintiff, who appears to have scrupulously fulfilled the requirements of the statute with respect to her application for judicial review, and who was therefore properly before the court, had the right to compel the administrator to produce the record of the hearing of her claim before the Board of Review either by a rule for contempt or through mandamus proceedings, and, under the specific provision of the statute as above quoted, the court was prohibited from receiving additional evidence.”
Accordingly, the judgment of the trial court is annulled and set aside, and the matter is remanded for further proceedings in accordance with law consistent with the views expressed herein.
Reversed and remanded.

. Plaintiffs initially applied to the Louisiana Department of Employment Security for unemployment benefits and were refused. Plaintiffs appealed that de *804 cision and obtained a hearing before the Appeals Referee of the Employment Security Division of Louisiana. The decision of the Appeals Referee, mailed on April 24, 1970, ordered that plaintiffs be paid unemployment compensation. The Appeals Referee’s decision was appealed by the Louisiana Division of Employment Security and the Board of Review came to a different result and denied plaintiffs’ claim. This decision of the Board of Review was mailed July 24, 1970.

. The record before the trial judge contained the following:
1. The original petition.
2. Sheriff’s return showing service on the Administrator.
S.Sheriff’s return showing service on National Airlines.
4. A letter from Personnel Director of National Airlines saying it would not take a position on this matter.
5. A preliminary default signed September 2, 1970.
6. Testimony taken before the trial judge at the default hearing.
7. The October 13, 1970, default judgment.
8. Notice of denial of claim by administrator.
9. The findings of fact, opinion and determination of the appeals referee.
10. The evidentiary determinations, opinions, and decisions of the board of review.
Plaintiffs admit in brief that the administrative transcript was not before the court at the default hearing:
“An examination of the transcript of the default hearing reveals that every document available to the plaintiffs at that time (which included practically every document which was later supplied in the transcript provided J>y the Board of Review with the exception of the written decision of the Board of Review) was introduced by the plaintiffs’ counsel at the default hearing.” (Emphasis ours.)