BOLIN, Judge.
This is an appeal by the Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, from a judgment of the district court reversing a judgment of disqualification rendered against a claimant for unemployment benefits by the Board of Review of that agency. We reverse and remand for reasons assigned below.
Eva M. McBride filed a claim for unemployment compensation on June 2, 1972 with the Department of Employment Security in Shreveport, Louisiana. Defendant agency disqualified plaintiff, which ruling was affirmed by the Appeals Referee and the Louisiana Board of Review. Thereafter plaintiff filed an appeal in the district court, in accordance with the provisions of Louisiana Revised Statutes 23:1634, and *395 that court, by confirmation of default, reversed and rendered judgment for plaintiff.
At the time of the confirmation of default in the trial court no answer had been filed by the Division of Employment Security, Department of Labor, nor had it filed the record upon which the Board’s decision was based. Louisiana Revised Statutes 23:1634 makes it the duty of the administrator to file a certified copy of the record of the proceedings with the court. The statute also provides that in any judicial proceeding under this section the findings of the review board as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive; further, that the jurisdiction of the court shall be confined to questions of law and no additional evidence shall be received by the court.
The sole issue before this court is whether a default judgment may be rendered by a district court reversing the ruling of the Board of Review of defendant agency where the record of the proceedings of the agency is not before that court.
In Walsworth v. Heard (La.App.2d Cir. 1955) 84 So.2d 254, the trial court ordered the administrator to file the record in the district court, which order was ignored, and this court held the default judgment rendered by the district court was a nullity. Basis for the decision was that, lacking a record of all the proceedings, as well as the testimony of the claimant, the court had nothing to review to determine if the factual findings of the board of review were supported by sufficient evidence. In mitigation of the harshness of this ruling the court pointed out that the claimant had the right to compel the administrator to produce the record of the hearing of her claim before the board of review either by a rule for contempt or through mandamus proceedings. In conclusion the court annulled the judgment and remanded the case to the district court for further proceedings in accordance with the expressed opinion.
The decision in Walsworth was followed in Sykes v. Doyal (La.App.2d Cir. 1972) 265 So.2d 780, wherein this court held that where the record of the proceedings before the administrative body was not filed in the trial court there was nothing before the court from which it could determine whether the findings of the review board were supported by sufficient evidence. Again the judgment was annulled and the case was remanded.
Since a certified copy of the record of the proceedings in the instant case was never filed in the district court, the judgment appealed from it annulled and the case remanded for further proceedings in accordance with the views expressed herein.