304 So.2d 93 (1974)
Herbert COURVILLE
v.
SOUTHERN CASUALTY INSURANCE COMPANY et al.
No. 4800.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
*94 Hall and Coltharp (H. O. Lestage, III), DeRidder, for defendant-appellant.
Ryder & Deshotels, by Errol D. Deshotels, Oberlin, for plaintiff-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
WATSON, Judge.
This is an appeal from a default judgment, apparently granted solely on presentation of an affidavit, medical bills, and a hospital record.
Plaintiff, Herbert Courville, filed suit against Lonnie Blackmon, Jr., and his liability insurer, Southern Casualty Insurance Company, claiming damages for personal injuries and medical expenses totaling $17,177. Plaintiff alleged that Blackmon leased plaintiff a trailer with a defective brake mechanism which caused plaintiff's injuries. Plaintiff obtained a default judgment against Blackmon introducing as evidence only an affidavit, referring to the petition and stating, ". . . . that to the best of his knowledge and belief all of the facts contained therein are true and correct." Attached to and made a part of the affidavit were plaintiff's medical bills and hospital record. Southern Casualty Insurance Company was named in the petition as the insurer of defendant, but judgment was not rendered against the insurance company.
Blackmon has appealed from the adverse judgment, contending that: (1) plaintiff did not adduce sufficient proof to establish a prima facie case; and (2) there was no evidence, or, in the alternative, only hearsay evidence in support of the judgment.
The requirements for a default judgment are found in LSA-C.C.P. art. 1702 which provides in part as follows:
". . . . A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default."
There is no indication in the record of these proceedings that any witnesses were called and testimony taken in support of plaintiff's claims. The pertinent minutes of the trial court for May 23, 1974, as included in the record, read in part as follows:
"ACTION: Damages. Brought on for confirmation. Evidence adduced. Affidavits and hospital records. Judgment read, rendered and signed."
Although somewhat inconclusive, this entry leads us to believe that no testimony was taken, especially in view of the fact that there is no transcript of any testimony included in the record. The minute entry also leads us to believe that the affidavits, medical bills, and the hospital record were the only evidence received.
We are aware of the rule that it is presumed that there was sufficient evidence before the trial court to warrant a judgment. Frederick v. Popich Marine Construction, Inc., 136 So.2d 423 (La.App. 1 Cir. 1961). But, where the record on appeal indicates that the judgment was rendered only on the basis of an affidavit, medical bills and a hospital record, the *95 judgment must be set aside. Pfeifer v. Bacharach, 10 La.App. 30, 121 So. 196.
Hearsay evidence, such as physician's bills and hospital bills introduced without proper foundation or explanation, is insufficient to establish a prima facie case for confirmation of a default judgment. Smith v. Doyle, 160 So.2d 791 (La. App. 3 Cir. 1964). In the instant case, the record indicates to us that neither damages nor Blackmon's negligence was established by admissible evidence.
For the foregoing reasons, the default judgment is vacated and set aside and the case is remanded to the district court for further proceedings consistent with this opinion. Defendants are allowed ten days to answer or otherwise plead.
All costs to date are taxed against defendant, Lonnie Blackmon, Jr. Assessment of all other costs is to await final disposition.
Reversed and remanded.