PRICE, Judge.
Elzie Shows filed a claim for unemployment benefits after he was terminated from his position as a guard at the Continental Can Company plant in Hodge, Louisiana. The Department of Employment Security denied his claim and Shows appealed to the district court. Shows’ obtained a judgment by confirmation of default after the Department failed to timely file the record of the administrative proceedings or responsive pleadings.
The sole issue on appeal is whether a district court can render a default judgment against the Department of Employment Security in the absence of the claimant’s administrative proceeding record. Under LSA-R.S. 23:1634, the factual findings of the Department’s Board of Review are conclusive, and the district court retains jurisdiction only over questions of law. Since the Department failed to lodge the record in the instant case there was nothing before the court to review. Therefore, the judgment rendered by confirmation of default was improper. See McBride v. Doyal, 276 So.2d 394 (La.App. 2nd Cir. 1973); Sykes v. Doyal, 265 So.2d 780 (La.App. 2nd Cir. 1972); and Walsworth v. Heard, 84 So.2d 254 (La.App. 2nd Cir. 1955).
The claimant is not without relief, however, because he can file either a rule for contempt or invoke mandamus proceedings to force the Department to file the administrative record as suggested in Walsworth v. Heard, 84 So.2d 254, 256 (La.App. 2nd Cir. 1955).
The default judgment of the district court is vacated, and this case is remanded to that court for proceedings consistent with the views expressed herein.