340 So.2d 1113 (1976)
EVANGELINE EMPLOYMENT SERVICE, Plaintiff-Appellee,
v.
Kenneth J. DECUIRE, Defendant-Appellant.
No. 5707.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Warren Ashy and Joseph Koury, Lafayette, for defendant-appellant.
Seidel & Bailey by Fred K. Bailey, Lafayette, for plaintiff-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
WATSON, Judge.
Defendant, Kenneth J. Decuire, appeals from a default judgment entered against him, contending that the pleadings, an affidavit, and a copy of a purported contract are insufficient as proof upon which to base judgment. Plaintiff is Evangeline Employment Service, whose corporate or other legal status is not specified in the pleadings.
On October 3, 1975, a petition was filed alleging that plaintiff and defendant had entered into a contract for the procurement of employment; that the employment service had performed all of its obligations pursuant to the contract; that defendant had secured employment with a firm in Lafayette as the result of services rendered by the employment service; but that defendant had failed to pay its fee. An affidavit was attached to the contract by the manager of the employment service who attested that all of the allegations in the petition were true and correct. A copy of the alleged contract was also attached to the petition. Citation was issued and domiciliary service was effected on October 13, *1114 1975; a preliminary default was entered on April 7, 1976; and the matter was called before the district court on April 26 for confirmation of default.
The only proceedings in the district court were as follows:
"NOTE OF EVIDENCE TAKEN ON CONFIRMATION OF DEFAULT
"MR. BAILEY: Your Honor, this is a suit for breach of contract in the amount of eight hundred sixty-four ($864.00) dollars.

PLAINTIFF'S EVIDENCE OFFERING:
"I would like to offer the entire record to show the original petition filed on October 3, 1975; the affidavit as to the correctness of the amount sued on by the manager of the plaintiff corporation; citation showing domiciliary service on the defendant on October 13,1975; a preliminary default entered on April 7,1976, and the file reflecting that no answer or responsive pleadings were filed by the defendant herein.
"We would further like to introduce the original contract sued on.
"We pray for judgment, Your Honor.
"THE COURT. Let there be judgment. EVIDENCE CLOSED." (TR. 11-12)
On appeal, defendant contends that, among other deficiencies, there was not "proof of the demand sufficient to establish a prima facie case", as required by LSA-C.C.P. art. 1702.
It is not necessary to itemize each deficiency in the evidence; there is a total absence of proof. The allegations of the petition and authenticity of the contract were not proven. There was no admissible evidence to demonstrate plaintiff's compliance with the contract and defendant's failure. The affidavit was not admissible as in a suit on open account. LSA-C.C.P. art. 1702. A default judgment rendered without proof of the demand sufficient to establish a prima facie case must be set aside. Courville v. Southern Casualty Insurance Co., 304 So.2d 93 (La.App. 3 Cir. 1974).
For the reasons assigned, the default judgment is vacated and set aside and the case is remanded to the district court for further proceedings consistent with this opinion. Defendant is allowed fifteen (15) days to answer or otherwise plead.
All costs to date are taxed against plaintiff, Evangeline Employment Service, and assessment of all other costs is to await final disposition.
REVERSED AND REMANDED.