WATSON, Judge.
This is a suspensive appeal from a default judgment entered against the defendant, Administrator, Division of Employment Security, Department of Labor, State of Louisiana, in favor of plaintiff, Sharon L. Cars-well.
The decisive issue is whether there is sufficient evidence for a default judgment.
The only relevant contents of the record are the petition, which asks that an administrative decision denying plaintiff unemployment benefits be set aside and that she be declared eligible for unemployment ben *441 efits and receive attorney’s fees; documentary exhibits, consisting of various letters and forms, which relate to plaintiff’s employment with the Red River Parish Schools and the denial of her claim for unemployment compensation; the citation and return of service; and a judgment in favor of plaintiff and against defendant in the amount of $920 with legal interest. There is no transcript of testimony, although the minutes of court indicate that plaintiff testified (TR. 1).
In the ordinary case, the proceedings would be reviewed on the principles recently pronounced in Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La., 1977), as follows:
“In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct.” 340 So.2d 1328-1329.
However, the defendant-appellant submits the well-founded contention that the applicable statute, LSA-R.S. 23:1634, provides that in unemployment compensation cases a reviewing court may not receive additional evidence but must confine itself to a study of a certified copy of the record of the case, to be filed by the administrator, and to questions of law. As a consequence, the reviewing trial court errs if it renders judgment by default. Sykes v. Doyal, 265 So.2d 780 (La.App. 2 Cir. 1972).
LSA-C.C.P. art. 1702 requires that before the entry of a default judgment there must be “proof of the demand sufficient to establish a prima facie case”. The proof here does not satisfy that requirement since the reviewing court (the trial court here) did not have before it a certified copy of the record of the case. The default judgment must be set aside. Courville v. Southern Casualty Insurance Co., 304 So.2d 93 (La. App. 3 Cir. 1974); Evangeline Employment Service v. Decuire, 340 So.2d 1113 (La.App. 3 Cir. 1976).
For the reasons assigned, the default judgment is vacated and set aside and the case is remanded to the District Court for further proceedings consistent with this opinion. Defendant is allowed fifteen (15) days to answer or otherwise plead.
All costs are to await final disposition.
REVERSED AND REMANDED.