BEER, Judge.
John E. Smith’s application to the Department of Employment Security for unemployment compensation benefits was rejected, and he appeals. Throughout the administrative handling of this claim, the disputed issue was whether his separation from employment was the result of his quitting or being fired from his position with United Parcel Service. The Department determined that Smith had quit his job without good cause. He appealed, and the Appeals Referee affirmed. Thereafter, the Board of Review affirmed the Appeals Referee’s decision, but the Civil District Court for the Parish of Orleans set aside the affirmation by the Board of Review and remanded the case for additional evidence. Following the remanded hearing,[1] the Board of Review affirmed, and the Civil District Court affirmed the Board of Review.
Appellant’s narrow but clearly stated contention on appeal is that the administrative determination was not supported by sufficient evidence and, thus, is incorrect as a matter of law. He urges through able and articulate counsel that the evidence produced at the administrative level was legally insufficient because it did not include the crucial testimony of Mr. Dave Karlak, who appellant contends issued the alleged discharge.
LSA-R.S. 23:1634 limits appellate jurisdiction to questions of law where the findings of the Board of Review, in the absence of fraud, are supported by sufficient evidence. See Ware v. Doyal, 320 So.2d 212 (La.App. 3rd Cir. 1975); Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1962). But, says appellant, the evidence cannot be sufficient without the contravening testimony of the person who (appellant contends) did the firing.
Here, as in McGinnis v. Moreau, 149 So.2d 188, 191 (La.App. 3rd Cir. 1963), where the factual issue also was whether the claimant was fired or quit, the evidence adduced at the administrative levels is open to more than one reasonable construction. But we must not overrule the administrative agency’s factual determination if it is based upon a supportable version.
Conceivably, Smith may have sincerely believed himself fired. But he did not exercise his right to subpoena Karlak, and his own testimony about his alleged discharge is somewhat vague and confusing. His unemployment benefits application form stated that he was discharged for refusal to transfer into another department. Yet, at the hearing, he stated that he was discharged because Karlak disliked him. Though the evidence is, perhaps, susceptible to more than one construction, the record does, we find, support a conclusion that Smith did quit. We cannot say that the *908 absence of Karlak’s testimony has the absolute legal effect of refuting the otherwise acceptable affirmative evidence of Smith’s resignation.
The judgment is affirmed, at appellant’s cost.

AFFIRMED.

. A different Appeals Referee presided at the second hearing.