FORET, Judge.
This is an appeal from a default judgment entered against defendant, State of Louisiana, Department of Employment Security (Department), in favor of plaintiff reversing an administrative decision denying certain unemployment benefits to the plaintiff.
Jack A. Adams received unemployment insurance benefit checks for weeks ending June 4, 1977, through June 18, 1977. The Department determined that he was not qualified to receive benefits for these weeks (totaling $330), and additionally disqualified him from receiving unemployment insurance benefits for one year (August 14,1977 to August 12,1978). This “Notice of Determination (Fraud and Overpayment)” was dated August 8, 1977. Adams filed an appeal of this “determination” on August 22, 1977, and a hearing was held before Isham R. Hudson, Appeals Referee, Louisiana Office of Employment Security, on September *1220 13, 1977, in Ferriday, Louisiana. Plaintiff, represented by his attorney, appeared and testified; the Department was represented by its investigator. After this hearing, the appeals referee affirmed the determination of the Department that plaintiff had been overpaid in the amount of $330 and that he should be disqualified for one year.
Adams appealed this ruling to the Board of Review for the Office of Employment Security which, in a decision mailed December 2, 1977, affirmed the ruling of the appeals referee.
On December 16, 1977, Adams filed a petition in the Seventh Judicial District Court in Concordia Parish, entitled “Petition for Judicial Review of Administrative Decision” wherein he asked for a reversal of the decisions of the Department, the appeals referee, and the Board of Review. The Department was served with a copy of the petition on December 20,1977, as shown by return of service of the East Baton Rouge Parish Sheriff contained in the record.
No answer was filed by the Department, and on January 17, 1978, a preliminary default was taken by the plaintiff. On January 24, 1978, after hearing testimony of plaintiff, the district court granted a default judgment in his favor reversing the prior administrative decisions. Notice of this judgment was served on the Department on January 27, 1978, per the Sheriff’s return.
On February 28, 1978, the Department appeared and filed a motion for a new trial, which was denied on May 24,1978. On July 18, 1978, the Department took this devolu-tive appeal which is presently before the Court. We reverse and remand.
We note initially that the factual determination of the Board of Review is binding on the Court in the absence of fraud, and if supported by sufficient evidence. Lingo v. State, Dept. of Employment Security, 364 So.2d 1367 (La.App. 3 Cir. 1978); Carswell v. Administrator, Division of Employment Security, 343 So.2d 440 (La.App. 3 Cir. 1977); Smith v. Board of Review Office of Emp. Security, 365 So.2d 906 (La.App. 4 Cir. 1978); Sykes v. Doyal, 265 So.2d 780 (La.App. 2 Cir. 1972); Cameron v. National Airlines, Inc., 264 So.2d 803 (La.App. 4 Cir. 1972); Walsworth v. Heard, 84 So.2d 254 (La.App. 2 Cir. 1955).
We also note that LSA-R.S. 23:1634 limits the court to reviewing the record of the administrative hearings.
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review . . . .” See also Carswell, supra; Sykes, supra.
As this Court stated in Carswell:
“. . .a reviewing court may not receive additional evidence but must confine itself to a study of a certified copy of the record of the case, to be filed by the administrator, and to questions of law. As a consequence, the reviewing trial court errs if it renders judgment by default. Sykes v. Doyal, 265 So.2d 780 (La. App. 2 Cir. 1972).
LSA-C.C.P. art. 1702 requires that before the entry of a default judgment there must be ‘proof of the demand sufficient to establish a prima facie case’. The proof here does not satisfy that requirement since the reviewing court (the trial court here) did not have before it a certified copy of the record of the case. The default judgment must be set aside. Courville v. Southern Casualty Insurance Co., 304 So.2d 93 (La.App. 3 Cir. 1974); Evangeline Employment Service v. Decuire, 340 So.2d 1113 (La.App. 3 Cir. 1976).” 343 So.2d at 441.
In the instant case, a certified copy of the administrative record has never been filed with the court and without this the district court could not order a default judgment against the Department.
*1221 For the reasons assigned, the default judgment is vacated and set aside, and the case is remanded to the district court for further proceedings consistent with this opinion and in accordance with law. Defendant is allowed fifteen (15) days to answer or otherwise plead.
All costs to await final determination of the case.
REVERSED AND REMANDED.