420 So.2d 1199 (1982)
Janie A. DELOUME
v.
DIVISION OF EMPLOYMENT SECURITY OF the DEPT. OF LABOR and Engen Sales Company.
No. 5-112.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
*1200 Larry Samuel, Samuel & Foshee, New Orleans, for plaintiff and appellant-Janie A. Deloume.
Lucas J. Giordano, Mmahat, Gagliano, Duffy & Giordano, Metairie, for defendant and appellee-Engen Sales Co.
James A. McGraw, Baton Rouge, for defendant and appellee-Herbert L. Sumrall as Administrator of Office of Employment Sec., Div. of Employment Sec. et al.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
The plaintiff, Janie A. Deloume, appeals a judgment of the trial court denying her unemployment compensation. Plaintiff was employed by Engen Sales Company for two years and two months. On June 23, 1980, the plaintiff's employment was severed and she applied for benefits provided by the Louisiana Employment Security Law (LSA R.S. 23:1471 et seq.). Based on information furnished by the plaintiff and Engen, an initial determination was made at the local office of the Office of Employment Security denying the claim on the basis that she left her employment without good cause.
Plaintiff filed an administrative appeal, which was conducted before an appeals referee. The referee affirmed the findings of the agency and ruled the plaintiff was properly disqualified.
Plaintiff appealed this decision to the Louisiana Board of Review which likewise affirmed the disqualification.
As a result of this finding, the plaintiff filed a petition for Judicial Review in the 24th Judicial District Court and judgment was rendered denying compensation benefits.
The fundamental issue presented on appeal centers around the application of LSA R.S. 23:1601(1) which reads pertinently, as follows:

Disqualification for Benefits
"An individual shall be disqualified for benefits:
1. If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment"
Plaintiff emphasizes and maintains that she was terminated from her employment, or at the very least, she did not return to work after notification that she was no longer wanted, thereby leaving her employment for good cause connected with her employment.
There is ample testimony in the record to support that there were changes in plaintiff's working conditions, both present and prospective. Further, there was quite a bit of confusion dealing with the discussions by the employer with the plaintiff. The co-owners of the Engen Sales Co. are Mr. and Mrs. Ensley Porche, who are both active in the business. The plaintiff's discussion concerning her job was with Mrs. Porche who was relaying messages from Mr. Porche. It is apparent from the referee's hearing that the testimony of Mrs. Porche was essential to make a fair determination; however, she did not testify at all. The referee indicated to the plaintiff that it was her burden to call Mrs. Porche as a witness; however, Mrs. Porche should have been called by the defendant, since she was a co-owner and a co-employer and she possessed knowledge that was vital to the case. It is well settled that the failure of a party to call a witness under his *1201 control creates a presumption that the testimony would be adverse to that party.[1] The referee's hearing contained considerable hearsay evidence concerning the discharge of the plaintiff or her leaving. Although hearsay evidence is admissable, in an administrative hearing of this nature, a finding of ineligibility cannot be based on hearsay testimony.[2]
The Legislature in enacting the Employment Security Law intended that the statute should be construed liberally in favor of the unemployed worker.[3]
We therefore are convinced that under a liberal interpretation of the law, coupled with a careful review of the evidence and testimony contained in the record, the plaintiff did terminate her employment with sufficient cause so as to avoid disqualification from unemployment compensation benefits under LSA R.S. 23:1601(1).
The defendants have argued that LSA R.S. 23:1634 provides in part that "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." We are convinced that the hearing conducted by the appeal referee shows numerous deficiencies in the presentation of facts and evidence. The determination by said referee is not supported by the evidence and the facts in the record.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff, Janie A. Deloume, and against the defendants, Division of Employment Security of the Department of Labor and Engen Sales Company, declaring that plaintiff is eligible for unemployment compensation benefits.
REVERSED AND RENDERED.
NOTES
[1] Marion v. New Orleans Public Service, 306 So.2d 758 (La.App. 4th Cir.1974).
[2] Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969).
[3] Smith v. Gerace, 339 So.2d 410 (La.App. 1st Cir.1976).