WARD, Judge.
Antoinette Roberts filed suit for judicial review of an administrative ruling by the Board of Review of the Louisiana Office of Employment Security. That ruling had affirmed an Appeals Referee’s decision denying Ms. Roberts’ claim for unemployment benefits. The District Court affirmed the administrative ruling, and Ms. Roberts has appealed. We affirm.
The issues presented on appeal center on the statutory grounds upon which Ms. Roberts was found disqualified:
An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. ...
La.R.S. 23:1601.
Ms. Roberts contends that she did not leave her job without good cause because: 1) she was granted an approved leave of absence; 2) she was fired; 3) the Referee’s findings of fact were not supported by legally competent evidence; and 4) the legal conclusion that she abandoned her job was clearly wrong.
Ms. Roberts was employed as a full-time cook at St. Charles General Hospital from July 20, 1981 until March 16, 1984 when she was terminated by the Hospital’s Food Service Director. The letter terminating Ms. Roberts stated “we must conclude that you are no longer interested in working for this institution and have abandoned your position.” Ms. Roberts disputes the Hospital’s view of the factual circumstances leading up to her termination.
The record before us shows that after taking an undisputed day of sick leave on Wednesday, March 7, 1984, Ms. Roberts telephoned her supervisor, Mr. Walter Lewis, on her next scheduled day of work, March 10, and asked him for a “week or two” off. When asked whether Mr. Lewis granted her leave request, Ms. Roberts testified:
His basic reply was yes, you can have it — you know. Okay. He told me that Joyce had sprung her wrist, and that Ms. Alice was sick with a cold, and why didn’t I — couldn’t I come in. And I told him, well, I was under a lot of stress, and that I had....
and in response to the same question:
Yes, he did. I said, a week or two at the most. And he said, okay, you can. He said, no reason why you can’t.
Mr. Lewis did not testify at the hearing. His supervisor, the Food Service Director, John Dunlap, testified and contradicted Ms. Roberts testimony. He stated that Mr. Lewis denied Ms. Roberts’ March 10 request for leave because the kitchen was already two cooks short on that day. Dunlap further stated that Walter Lewis, as Food Production Manager, was not autho *1268 rized to approve such a request, but that only the Food Service Director could grant leaves of absence and that he gave no such leave to Ms. Roberts. Dunlap said that after Ms. Roberts did not report to work on March 10, 11, or 12, he twice tried to reach her at home by telephone but was unsuccessful. After two more days of what Dunlap considered unauthorized absence, he notified Ms. Roberts by certified letter that she was being discharged for abandoning her job. Ms. Roberts testified that she was shocked when she received the notice of termination and “was thinking whether I should call Mr. Dunlap or what, but ... I said, well, it may be for the best. I went and applied for unemployment.” The denial of unemployment benefits ultimately led to this appeal.
The employer, St. Charles General Hospital, had the burden of proving at the administrative level that Ms. Roberts’ discharge resulted from conduct which would disqualify her for unemployment benefits. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696 (La.1981). Judicial review of the Appeals Referee’s findings are limited to questions of law. His factual findings, if supported by sufficient evidence, are conclusive. La.R.S. 23:1634; Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979). Therefore, as to Ms. Roberts’ first two contentions, which challenge factual findings, we only need determine whether the Referee’s findings are supported by sufficient evidence.
The Appeals Referee found that Ms. Roberts was not granted an approved leave of absence and that she abandoned her job and was not fired. As summarized above, there is evidence in the record sufficient to support these factual findings. Hence, Ms. Roberts’ first two contentions are without merit unless we accept her third argument that the evidence is incompetent.
Ms. Roberts’ primary complaint regarding the evidence is that the Appeals Referee repeatedly allowed hearsay testimony over the objections of her counsel. The most objectionable testimony was that of Mr. Dunlap who repeated the substance of statements Mr. Lewis made, both to him and to Ms. Roberts. We agree with Ms. Roberts that the Referee allowed hearsay testimony, but it was not an error which will invalidate the Referee’s factual findings. Although a finding of ineligibility for unemployment benefits cannot be based solely upon hearsay evidence, hearsay is admissible in administrative hearings for certain purposes. Deloume v. Division of Employment Security, 420 So.2d 1199 (La. App. 5th Cir.1982); see also Charbonnet v. Gerace, 457 So.2d 676, 679 (La.1984). The Referee’s conclusion that Ms. Roberts left her job without good cause does not depend on the hearsay testimony. Mr. Dunlap testified that he personally had to grant requests for leave such as that made by Ms. Roberts and that he did not approve her leave. Moreover, given the relative informality of the administrative proceeding, it would have been grossly unfair and injurious to the truth-finding process for the Referee to have not permitted Dunlap to relate Lewis’ statements when the claimant Roberts testified to a different version of those same statements. Ms. Roberts also assigns as error the admission of other weak or incompetent evidence, but, like Dunlap’s hearsay statements, it was not necessary to the Referee’s conclusions of fact or law and therefore did not prejudice Ms. Roberts.
Accordingly, we conclude that the factual findings of the Appeals Referee are supported by sufficient evidence, and although there is evidence in the record which is arguably inadmissible even at the procedurally relaxed administrative hearing, that evidence was not the basis of the Referee’s decision.
Given the sufficient evidentiary basis, and hence correctness, of the factual findings, we cannot say that the Appeals Referee erred in his legal conclusion that Ms. Roberts left her job without good cause connected with her employment, rendering her disqualified for unemployment bene *1269 fits. Accordingly, the judgment of the Trial Court is affirmed.
AFFIRMED.
BYRNES, J., dissents.