BYRNES, Judge,
dissenting.
I must respectfully dissent from the result reached by the majority. In the written statement made in her application for unemployment benefits, Ms. Roberts stated that the reason her employer gave for discharging her was that she “failed to contact the supervisor about not coming in.” The Notice of Claim Determination sent to Ms. Roberts denying her benefits and advising her of the right to appeal stated: “You left your employment when you failed to report to work or to advise your employer/supervisor of the reason for your absence. Your leaving was without good cause connected with the employment.”
The burden of proving at the administrative level that Ms. Roberts’ discharge resulted from conduct which would disqualify her for unemployment benefits was on St.. Charles General Hospital, her employer. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696 (La.1981). It was up to the hospital to prove the grounds stated in the Notice of Claim Determination by sufficient competent evidence.
The Appeals Referee’s factual findings, are conclusive if supported by sufficient evidence. La.R.S. 23:1634; Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979). “Sufficient evidence” within the meaning of the statute is legal, competent evidence. Hearsay is not sufficient evidence. Amstar Corp. v. Gerace, 388 So.2d 1167 (La. App. 4th Cir.1980).
It is undisputed that Ms. Roberts did not report to work. However, the hospital did not prove by sufficient evidence that Ms. Roberts failed to advise her supervisor of the reason for her absence. The Hospital’s entire case was based on the testimony of John Dunlap, the Food Services Director of the hospital. Mr. Dunlap repeated the substance of statements allegedly made by Ms. Roberts and her supervisor Walter Lewis. The only evidence that Ms. Roberts failed to advise Lewis of the reason for her absence is the testimony of Dunlap. That testimony was hearsay and cannot serve as the sole basis for a finding of ineligibility for unemployment benefits. Deloume v. Division of Employment Security, 420 So.2d 1199 (La.App. 5th Cir.1982); Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969).
I would reverse the judgment of the Trial Court.