PER CURIAM.
This is an appeal from a judgment which sustained dilatory and peremptory exceptions to a contradictory motion filed by the administrator of the Office of Employment Security of the Louisiana Department of Labor to annul a judgment of the district court.
. The judgment attacked herein reversed a decision of the Board of Review that held the employee was disqualified for benefits and had been overpaid. The administrator’s position is that such judgment is absolutely null, because it was rendered by default before a certified copy of the record was filed with the court. No reasons were given by the trial judge but the exceptions were obviously sustained on the ground that the said judgment could only be attacked as a nullity directly in an ordinary proceeding, not through a summary proceeding as was done in this instance.
In providing for judicial review LSA-R.S. 23:1634 requires the administrator to file with the court a certified copy of the record of the case. It further provides:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. ” (Emphasis added.)
In Adams v. State Dept. of Emp. Sec., 371 So.2d 1219 (La.App. 3rd Cir.1979), this court vacated and set aside a default judgment which had been rendered before the required copy of the administrative records had been filed, because the district court did not have before it any proof of the demand when the judgment was rendered. It is, therefore, clear that the judgment attacked in the case now before us is an absolute nullity. However, we are also faced with the question of whether or not it can be attacked in the manner employed by the administration.
In Thibodeaux v. Duos, 343 So.2d 441 (La.App. 3rd Cir.1977), we held that a collateral attack on a separation decree could not be made by summary process on a rule to make past-due alimony payments exec-utory. However, it was not found in that case that the judgment attacked was an absolute nullity.
It is well settled in our jurisprudence that a judgment which is absolutely null, because of lack of jurisdiction over the subject matter, can be attacked collaterally by any party at any time, even through the use of a summary motion. Schniebolk v. *963 Goldstein, 409 So.2d 1250 (La.App. 4th Cir. 1982); Amer. Bank & Tr. Co. v. Marbane Inv., Inc., 337 So.2d 1209 (La.App. 3rd Cir. 1976); LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir.1980).
As set forth above, Sec. 1634 of Title 23 of our Revised Statutes expressly limits the jurisdiction of the court to questions of law after a judicial review of the administrative record filed therein. There being no such record to be reviewed by the district court in this instance, it had no jurisdiction of the subject matter and the judgment reversing the Board of Review’s decision is an absolute nullity.
For the foregoing reasons, the judgment of the district court dated February 12, 1985, sustaining the exceptions and dismissing the petition to annul the judgment dated June 8,1984, is reversed and the case is remanded to the district court for further proceedings consistent with this opinion and in accordance with law. The defendant is allowed fifteen days to answer or otherwise plead.
REVERSED AND REMANDED.