GOTHARD, Judge.
This appeal is from a decision of the Board of Review of the Office of Employment Security. From a ruling that she was ineligible for unemployment benefits because she was paid solely by commission, the plaintiff has appealed.
Darla G. Bentley was employed as an agent by Gulf Life Insurance Company from September, 1982 through July, 1983 to collect premiums for policies in force and to sell new policies. Upon termination from Gulf she applied for and was refused unemployment compensation because her occupation was one listed in LSA-R.S. 23:1472(12)(H)(IX), which excludes, among others:
... service performed by an individual as an insurance agent or as an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission; ...
Ms. Bentley’s appeal was heard three times by a referee. Each referee made the same finding, that she was employed as an insurance agent and was paid by commission only. The Board of Review remanded *874 the case, upon Ms. Bentley’s appeal of the first decision, as her notice of hearing was misaddressed and she did not appear. The second hearing, on February 24, 1984 was conducted by telephone with Ms. Bentley as the only appearer. The Board of Review affirmed the decision of that hearing, following which Ms. Bentley filed suit in proper person. The Employment Security Agency filed a memorandum with the court in which it supported Ms. Bentley’s claim on grounds that the evidence submitted did not support the conclusion drawn by the Board of Review, finding that she had no opportunity to question the employer on the employment document that led to denial of benefits and that she had presented unrefuted evidence of having been paid a salary. On January 13,1986 the 24th Judicial District reviewed the record, agreed with the agency’s position, and remanded to the Appeals Tribunal. The third hearing took place on April 25, 1986. Ms. Bentley appeared, represented by counsel; the employer did not appear allegedly because he received no notice, but his counsel did appear, having been telephoned that day.[1] The referee again denied benefits, which decision was affirmed by the district court on October 23, 1986. We note that the agency supported the decision after remand. This appeal followed.
The issue before us is whether the decision of the Board of Review was based on sufficient evidence and justified by law.
A succinct summary of the scope of review on appeal appears in Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983), at 435:
... [Jjudicial review of the findings of the Board of Review is strictly limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
The legislative intent in enacting the Employment Security Law was that the statute should be construed liberally in favor of the worker. Deloume v. Div. of Employment Sec., Etc., 420 So.2d 1199 (La.App. 5th Cir.1982). The claimant must be afforded ample opportunity to be heard and to confront and cross-examine opposing witnesses. Carter v. Blache, 476 So.2d 873 (La.App. 2nd Cir.1985), and cases cited therein.
The entire controversy in this case is over the employment status of Ms. Bentley. Her position is that she received a salary of $300 per week. She was required to collect current premiums and arrearages from policy-holders in her area and was allowed to sell new policies, upon which she could make commissions. Ms. Bentley testified that she had originally been offered a position for which the pay was entirely commission on sales but turned it down. The manager of Gulf Life’s office called her back and offered her a “debit” position that would provide a base pay plus commission for sales. She submitted weekly paycheck stubs for September, 1982 through January, 1983, each of which showed earnings of $300 and itemized deductions. She testified that she had received no other pay from Gulf Life, although she had sold some new policies. A copy of a ledger sheet for January and February, 1983 indicated that her collections varied in amounts; however, at the top of the ledger sheet in a column marked “Starting Pay” the amount entered is $300.00. As noted above, no representative of the employer appeared to testify regarding the method of calculating her pay.
The decisions of the referees in the second and third hearings were based upon the employment agreement documents, all allegedly signed by Ms. Bentley. The documents are two pages marked, “Commission Agreement” and “Statement of Understanding Regarding Proper Handling of Monies,” and a two-page document entitled “Agent’s Commission Agreement,” apparently pages 5 and 6 of a 6-page document. The company relies primarily on the follow *875 ing statement from “Commission Agreement.”
It is understood and agreed that my entire commission as an agent for Gulf Life Insurance Company is based entirely on commissions in the Weekly Premium, Monthly Insurance, Regular Ordinary, Accident and Sickness and Group Departments.
This statement is unclear as to whether commissions are to be paid on new business only or also on collections. We note also that the documents submitted by the company fail to set out the amount of commission to be paid.
In support of its position that as a soliciting agent Ms. Bentley was excluded from coverage of the unemployment compensation law, the employer cites United Ins. Co. of America v. Doyal, 366 So.2d 958 (La.App. 1st Cir.1978). That case held that “industrial” insurance agents, who collect debits and sell policies, are excluded under the statute. The court based its determination upon decisions from other states where the unemployment compensation statute contained similar exclusionary provisions, as the issue had not been litigated in Louisiana. In United Ins. Co. of America v. Doyal, the record showed conclusively that the claimant was paid by commission on policies as well as collections and there was no evidence that he received a set weekly wage.
In light of the unrefuted testimony of Ms. Bentley and the unexplained discrepancy between the documents she submitted and the Commission Agreement, we find that her disqualification was based upon insufficient evidence.
Accordingly, the judgment appealed from is reversed at the cost of the appellee, and
IT IS ORDERED that the claimant is not to be disqualified for unemployment compensation benefits on grounds of exclusion under LSA-R.S. 23:1472(12)(H)(IX).
REVERSED AND RENDERED.

. The referee stated that written notice of the meeting was mailed to the employer, properly addressed, with copy to its attorney, and that neither of the notices had been returned by the post office.