BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court affirming a decision of the Board of Review of the Office of Employment Security. Appellant Josie Moore, appeals from a ruling that she is not eligible to receive unemployment benefits because she was paid solely by commission.
Appellant, Ms. Moore was employed as an insurance agent by Security Industrial Insurance Company (Security) from January 1980 through approximately June 1986. Ms. Moore’s duties included collecting premiums for policies that were already issued and selling new policies. Upon termination from Security, appellant applied for and was denied unemployment compensation because she was an insurance agent paid solely on a commission basis. This determination was made pursuant to LSA-R.S. 23:1472(12)(H) providing, in pertinent part, as follows:
“The term ‘employment’ shall not include:
# * ⅜c # # #
Service performed by an individual as an insurance agent or an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission;”
The case at bar was heard by an appeals referree on September 25, 1986. Ms. Moore appeared on her own behalf not represented by counsel. Ms. Harriett Joseph, Secretary to the Regional Director of Security, appeared on behalf of the employer. After the hearing, during which Ms. Moore was permitted to question Ms. Joseph, the decision of the Agency was upheld and benefits were denied. A further appeal was filed with the Board of Review which, pursuant to the prescribed procedure in these cases, reviewed the record of the board hearing, but did not hold its own hearing and the decision denying benefits was upheld. Ms. Moore then appealed to the District Court which held, as follows:
“The finding (sic) of the Office of Employment Security are supported by the record and clearly establishes (sic) that the claimant was paid solely by commission as an insurance agent within the definition of La.Rev.Stat.Ann. sec. 23:1472(12)(H)(IX). The fact that the employee sold life insurance and collected overdue payments does not change the commission-basis of her salary. See United Insurance Company of America v. Doyal, 366 So.2d 958 (1st. Cir.La.Ct. App.1978). Accordingly, this appeal and unemployment benefits are denied.”
The threshold issue on appeal before this court is whether the decision of the Board of Review denying benefits was supported by the evidence and was justified by law. Appellant specifically contends that a judgment of default should have been entered against the Employer and the Office of Employment Security and further, that the trial court committed reversible error by not holding a full hearing.
Turning first to the default judgment issue, we find no merit to appellant’s contention that a default judgment should have been entered against appellees herein.
In Adams v. State Department of Employment Security, 371 So.2d 1219 (La. App. 3rd Cir.1979), the court held that a default judgment could be entered against the Department of Employment Security, *1112 but, not without a certified copy of the administrative record. The Adams court, citing Carswell v. Administrator, Division of Employment Security, 343 So.2d 440 (La.App. 3rd Cir.1977), specifically stated, as follows:
“As this Court stated in Carswell:
'... a reviewing court may not receive additional evidence but must confine itself to a study of a certified copy of the record of the case, to be filed by the administrator, and to questions of law. As a consequence, the reviewing trial court errs if it renderes judgment by default. Sykes v. Doyal, 265 So.2d 780 (La.App. 2nd Cir.1972).
LSA-C.C.P. Art. 1702 requires that before the entry of a default judgment there must be ‘proof of the demand sufficient to establish a prima facie case’. The proof here does not satisfy that requirement since the reviewing court (the trial court here) did not have before it a certified copy of the record of the case. The default judgment must be set aside. Courville v. Southern Casualty Insurance Co., 304 So.2d 93 (La.App. 3rd Cir. 1974); Evangeline Employment Service v. Decuire, 340 So.2d 1113 (La.App. 3rd Cir.1976).’ 343 So.2d at 441.”
“In the instant, [Adams], case, a certified copy of the administrative record has never been filed with the court and without this the district court could not order a default judgment against the Department.” 371 So.2d at 1220.
A review of the record before us reveals that in fact, appellees did not file an answer or a certified copy of the proceedings of the Administrative Hearing within the prescribed time. Further, Ms. Moore properly obtained a preliminary default pursuant to La-C.C.P. Art. 1702; however, she failed to confirm the default as required by La-C.C.P. Art. 1702 prior to an answer and a certified copy of the Administrative Record being filed in the reviewing Court. Therefore, it would not have been proper for the court to enter a final default judgment against appellees herein.
LSA-R.S. 23:1634 sets out the procedure for judicial review of a ruling of the Board of Review providing guidelines regarding the taking of evidence at the District Court level as follows:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.” (emphasis added)
Thus, in no case shall the district court be permitted to hear additional evidence and only if it is determined by the court that the facts adduced by the referee are insufficient to support its findings may the trial court be permitted to order that additional evidence be taken by the referee. This brings us to the primary issue of this appeal, whether the evidence was sufficient to support the findings of the board. We find that it was.
In Bentley v. Blache, 508 So.2d 873, 874 (La.App. 5th Cir.1987) the court set out the well settled standards for reviewing a Board of Review decision, as follows:
“A succinct summary of the scope of review on appeal appears in Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st. Cir.1983), at 435:
‘... [Jjudicial review of the findings of the Board of Review is strictly limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. Black v. Sumrall, 413 So.2d 252 (La. App. 4th Cir.1982).’
“The legislative intent in enacting the Employment Security Law was that the statute should be construed liberally in favor of the worker. Deloume v. Divi *1113 sion of Employment of Security, Etc., 420 So.2d 1199 (La.App. 5th Cir.1982). The claimant must be afforded ample opportunity to be heard and to confront and cross-examine opposing witnesses. Carter v. Blache, 476 So.2d 873 (La.App. 2nd Cir.1985), and cases cited therein.”
In the instant case, the record reflects that Ms. Moore testified at the hearing before the Board of Review that the amount of her pay varied from month to month. The hearing referee questioned appellant extensively regarding the method used to compute her wages. The testimony shows that Ms. Moore’s wages were based upon some combination of factors including a percentage of premiums collected and the dollar amount of policies sold. At no time did appellant present evidence, or even allege, that her wages were in any way tied to some fixed salary. Also present at the hearing was a representative of the employer, who testified regarding the commission basis of Ms. Moore’s wages. Finally, Ms. Moore was given the opportunity to cross-examine the employer’s representative at the Board of Review hearing. Neither cross-examination nor direct testimony provided any evidence to support a finding that Ms. Moore was not paid solely on commission.
We conclude therefore, that there was ample evidence presented at the Board of Review hearing by Ms. Moore and her former employer to support the findings of the Board denying benefits based upon the commission basis of her salary. Further, the record reflects that appellant was provided “ample opportunity to be heard and to confront and cross-examine opposing witnesses” in this matter.
Accordingly, we find that the trial judge was correct in affirming the denial of benefits.
AFFIRMED.