DUFRESNE, Judge.
This is an appeal by Security Industrial Insurance Company, plaintiff-appellant, from a judgment affirming a decision by the Louisiana Department of Labor, Board of Review of the Office of Employment Security, which declared a former employee of Security eligible for unemployment benefits. For the following reasons, the judgment is affirmed.
The standard for judicial review of determinations of the Board of Review appears at La.R.S. 23:1634:
*1074 ... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of Law....
The pertinent facts found by the administrative law judge, affirmed by the Board, are as follows. Alan Quigley the claimant, was hired by Security as a district manager in May, 1986, and remained in that position until May 1, 1988, when he was demoted to the position of debit agent. On May 28, 1988, he was permitted to resign in lieu of being discharged. As district manager, his duties included customer relations, performing administrative paper work, auditing accounts, recruiting and training new agents, and generally operating the office. He had three sales managers under his supervision, and his pay was based upon the sales performance of these managers (and presumably the agents working under them).
The administrative law judge made reference in his opinion to La.R.S. 23:1472(12)(H)(IX), which excludes from unemployment compensation benefits:
[Sjervice performed by an individual as an insurance agent or as an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission.
He determined that although the claimant was paid on a commission basis, he was paid as a district manager and not as an agent or a solicitor. He concluded that the claimant was thus not excluded from coverage, by the above statute, and declared him eligible for benefits. This decision was affirmed by the Board of Review, and by the district court, and Security now brings this appeal.
A succinct statement of appellant’s argument appears in its brief as follows:
It is Security’s contention that although Mr. Quigley was employed as a district manager during the calendar year of 1987, he was paid solely by way of commission and therefore, is not qualified for unemployment compensation.
It is this court’s opinion that this argument ignores the further language in La. R.S. 23:1472(12)(H)(IX), which requires that the employee must be an insurance agent or solicitor, as well as be paid solely on a commission basis, to be excluded from coverage. Security further urges, of course, that Quigley was in fact an agent or solicitor, and it offers factual support for such a finding. The difficulty is, however, that none of those offered facts appear in the record.
The evidence which is of record, and upon which the administrative judge based his conclusions, simply does not address Quigley’s status as an agent or solicitor, and indeed clearly supports the finding that he was neither. His contract of employment shows that he was hired as a “district manager”. Appellant’s representative at the hearing testified that he was so hired originally, but one month before termination he was demoted to the status of “agent”. That is the only reference to Quigley as an agent in the entire record.
Appellant asserts in brief that there were several aspects of Quigley’s position with the company that showed him to be an agent/solicitor. It urges, for instance, that if any sales agent were to become ill or be discharged, Quigley would take over his sales and collection duties. It further contends that he was authorized in writing by Security to act as its representative with authority to solicit, negotiate and effect contracts in its name, thus making him an “insurance agent” as defined in La.R.S. 22:1161. No evidence of these assertions appears in the record. Security also urges that Quigley’s nominal title of “district manager” should not be dispositive of the issue of whether he was also an agent/solicitor, but rather consideration should be given to his overall status with the company. Whatever the merit of this argument might be, there is no evidence of record which indicates that he was anything other than a district manager.
As noted above, appellant’s basic premise in this case is that any person who works *1075 in the insurance industry and whose wages are based on commissions is necessarily excluded from unemployment coverage. At the hearing, its representative only presented evidence ostensibly showing that the claimant was paid solely on a commission basis. In this court’s opinion the statute requires the further showing that the claimant is also an agent or solicitor, and that was simply not done in this case.
We further note that there is a serious question in this court’s mind as to whether there was sufficient evidence to support the conclusion that the claimant was paid solely on the basis of commissions. Claimant testified that when hired his salary was based on 5% of a fictitious “pot” of $50,-000. It appears that the “pot” value was based on the past performance of the district, and that it would increase or decrease monthly in accordance with fluctuations in the district’s performance. Security’s representative originally testified that this was solely a commission basis of pay. Later in the hearing, however, she stated:
Well, Mr. Quigley, it wasn’t a commissioned job but you weren’t on a set salary, like I’m on a set salary, and I get the same thing every month.
It is thus questionable whether Quigley was paid solely on a commission basis. However, because we have previously determined that there was sufficient evidence in the record to support the Board’s conclusion that Quigley was not shown to be an agent or solicitor, we need not decide this question.
Finally, we have reviewed the authorities cited by appellant, especially United Insurance Co. of Am. v. Doyal, 366 So.2d 958 (La.App. 1st Cir.1978), and Moore v. Whitfield, 531 So.2d 1110 (La.App. 4th Cir.1988), but find those cases inapplicable to the facts presently before us.
For the foregoing reasons, the judgment of the District Court is affirmed.
AFFIRMED.